[Civil No. 1442.   Filed December 11, 1915.]

[153 Pac. 449.]

H. A. MORGAN, H. J. CLIFFORD and CHARLES E. WALKER, Appellants, v. JAMES BARRETT, Appellee.

1. APPEAL AND ERROR—BRIEF ON APPEAL—WAIVER OF ERRORS.—Errors assigned on the trial below, but not argued in the brief on appeal, will be treated as waived.

2. JUDGMENT—CONCLUSIVENESS—RES ADJUDICATA—MATTERS CONCLUDED. Where defendants, in an action to quiet title to the M. K. mining claim, pleaded ownership of the S. C. and G. H. claims adjoining the M. K. claim, and no issue was made as to a conflict in the boundaries of the three claims, and the judgment simply quieted title in the S. C. and G. H. claims in defendant without delineation of boundaries, but in a subsequent adverse action to try the right to possession of the M. claim, identical with the former M. K. claim, it appeared that the claims had always overlapped, the former judgment, though comprehensive enough to be *res adjudicata* as to the boundaries, was to that extent beyond the pleadings and issues made in the former case, so that, the question as to boundaries not having been decided therein, the judgment is not on that question *res adjudicata* in the second action.

3. ADVERSE POSSESSION—REQUISITES.—A finding of a jury that the defendants had been in possession of the property involved, without a finding that their possession was peaceable and adverse, does not show adverse possession, since to show title the possession must be peaceable, adverse, open and exclusive.

APPEAL from a judgment of the Superior Court of the County of Cochise.   Alfred C. Lockwood, Judge.   Affirmed.

Mr. Francis M. Hartman, for Appellants.

Mr. Allen R. English, for Appellee.

ROSS, C. J.—This action, known as an adverse suit, was brought in the superior court of Cochise county by the appellee against the appellants, to determine the right of possession to certain mining property.   The mining claims sought to be patented by the appellants are known as the Good Hope and Silver Chief lodes.   The mining claim of the

appellee, known as the Mohawk, the complaint shows, is largely covered by the Silver Chief and Good Hope. The appellants demurred to the complaint; pleaded *res adjudicata* and the statute of limitation. The overruling of the demurrer is assigned as error by the appellants, but since this assignment is not argued in their brief, we will treat it as waived.

The defense of *res adjudicata* is alleged in the answer, in substance, as follows: That in the year 1901 the appellee instituted an action in the district court for Cochise county against one Burt Dunlap and John Miller, the grantors of the appellants, to quiet title to the identical mining ground embraced within the Good Hope and Silver Chief mining claims, and that thereafter, on the seventh day of June, 1902, the said cause being at issue, proofs were taken on both sides in open court, and, being submitted to the court for its decision and judgment, on said day decree was duly made and entered in said cause, adjudging and decreeing that the appellee had no right, title, interest, claim or demand whatsoever in or to any of said mining ground, and quieting the title of the said Burt Dunlap, grantor of appellants, to said mining ground as against appellee and all persons claiming under him, and that the appellee take nothing by his said action. That said judgment so entered became final. It is alleged that the appellee herein is the same party who was the plaintiff in said cause above referred to; that the appellants herein are the grantees of the said Burt Dunlap and John Miller, defendants in said action; and that the mining ground which is the subject matter of this action is the identical mining ground which was the subject of the suit above referred to. Under the plea of the statute of limitation the 5-year and the 10-year statutes are pleaded.

A jury was had, to which was submitted, by both the appellants, and the appellee, certain questions of fact. The answers of the jury to the controverted questions of fact were construed by the court as entitling the appellee to judgment, and he accordingly found certain uncontroverted facts which, together with the findings of the jury, he considered sufficient bases for a judgment in favor of appellee, which was duly entered.

It is the plea of *res adjudicata* that appellants principally relied upon in the lower court. They now urge that the trial

court committed serious error in not sustaining them on that contention. Although the evidence is not in the record, we learn from the pleadings and from the findings of the jury and from the judgment-roll of the case of *Barrett* v. *Dunlap et al.*, which is in the record, that the precise piece of ground covered by the Mohawk mining claim was originally located by the appellee in 1897 as the Mountain King, and was thence on, until about the year 1907, known as the Mountain King mining claim. In the latter year, appellee or his grantee failing to do the annual representation work, the same became subject to relocation, and was on January 1, 1908, located under the name of the Mohawk mining claim by Michael Coffey, who thereafter sold and conveyed the same to the appellee. It was to quiet the title to the Mountain King (identical with the Mohawk) that appellee instituted the suit in 1901 against Burt Dunlap et al. Looking to the record of that case to see if the plea of *res adjudicata* should be sustained, we find: That the appellee here (who was the plaintiff therein) claimed in his complaint to be the owner and in possession of the Mountain Queen, Mountain Maid and Mountain King mining claims, and that the defendants Dunlap and Miller had committed a trespass on said mining claims by entering thereon and digging, mining and excavating therefrom and converting to their own use some of the ores from said mining claims; that Dunlap and Miller asserted an interest and estate therein adverse to the title of plaintiff. The prayer was that his title be quieted, that an injunction be issued, restraining the defendants from trespassing upon said mining claims and from mining and extracting therefrom any of the ores, and for an accounting. The said Dunlap, one of the grantors of the appellants, answering said complaint, denied the allegations of trespass, and alleged that he was the owner of an undivided one-fourth interest in the Mountain King, Mountain Queen and Mountain Maid mining claims by purchase and by mesne conveyances. He further alleged in his answer that he was "the owner, in possession of and entitled to the possession of an undivided one-half interest in the Good Hope mining claim; . . . said mining claim being located in a westerly direction from the Mountain King mining claim and adjoining the said Mountain King mining claim

on what is known as the southerly or southwesterly end of said Mountain King claim.''

He alleged like ownership in the Silver Chief mining claim and described its location as follows:

''Said Silver Chief mining claim being located in a westerly direction from and adjoining said Mountain King mining claim on what is known as the southerly or southwesterly end of said Mountain King mining claim, and lying parallel with the above Good Hope mine and to the north side of said Good Hope mine.''

It is true that defendant Dunlap closed his answer with the prayer that ''his right and title to said Good Hope and Silver Chief claims, as alleged, be adjudged perfect,'' but in the body of the answer he does not allege any adverse claim to said mines by the appellee, and his answer, by no reasonable construction, could be converted into an action to quiet title. The other defendant, Miller, made no appearance. The court made findings of fact in that case to the effect that defendant Dunlap was the owner and in possession of an undivided one-half interest in the Silver Chief and Good Hope mining claims; that said mining claims were legally and properly located; and that the annual assessment work for the years 1900 and 1901 had been performed. The judgment of the court was that defendant's title to the Silver Chief and the Good Hope mining claims be quieted as against the plaintiff, and that the plaintiff take nothing by this action.

There was no finding of any conflict between the Silver Chief and Good Hope, and the Mountain King. Indeed, the answer filed by Dunlap, one of the grantors of the appellants, disclaimed any conflict, for it expressly described the Silver Chief and Good Hope as ''adjoining said Mountain King mining claim on what is known as the southerly or southwesterly end of said Mountain King claim.''

Upon the filing of this answer there was no issue of conflict between the owners of the Silver Chief and Good Hope and the owner of the Mountain King, for, according to the answer, the Silver Chief and Good Hope did not overlap or cover the Mountain King, but only extended to its exterior boundary, so that the northerly or northwesterly end of the Silver Chief and Good Hope mining claims become tied to the southerly or southwesterly end of the said Mountain King

mining claim. Neither the pleadings nor findings of fact nor judgment in that case would indicate that there was any conflict of claim of ground between the owners of the Silver Chief and the Good Hope and the owner of the Mountain King, or that any such question was actually litigated.

Dunlap, as the predecessor in interest of the appellants, in his answer, recognized the integrity of the Mountain King as a mining claim, by using it as a tie and a permanent monument by which to locate and identify the Silver Chief and the Good Hope. He also in his answer in that case claimed title to a one-fourth interest in the Mountain King mining claim by purchase and mesne conveyances, and by doing so he certainly disavowed or disclaimed any interest therein by reason of the locations known as the Good Hope and Silver Chief, but asserted his interest therein under the original location of the ground as the Mountain King. It seems quite clear from the pleadings in the case of *Barrett* v. *Dunlap and Miller,* pleaded herein by the appellants as *res adjudicata,* that there was no conflict of ground involved as between the Mountain King on the one hand and the Good Hope and Silver Chief on the other hand. As heretofore said, the pleadings in the present action, as well as the findings of the jury, are to the effect that the Mohawk mining claim covers the same ground as did the Mountain King mining claim, and, if that be true, since the ground covered by the Mountain King was not claimed in the Barrett-Dunlap suit as any part of the Silver Chief and Good Hope, the judgment therein could hardly be interposed in this case as *res adjudicata.*

But, according to the complaint in this case, the Silver Chief, as surveyed for patent, now overlaps the Mohawk mine 4.651 acres, and the Good Hope now overlaps the Mohawk 13.375 acres. There is a finding of the jury to the effect that the boundaries of the Silver Chief and the Good Hope are practically the same as they were in 1901 and 1902, at the time of the former suit; also a finding that the Mohawk is identical in its boundaries with the Mountain King. Therefore, as a matter of fact, the same conflict existed in 1901 and 1902 between the Good Hope and the Silver Chief and the Mountain King as is now shown to exist between the Good Hope and the Silver Chief and the Mohawk. Dunlap's title in the Silver Chief and the Good Hope was quieted in

the former lawsuit "as against the plaintiff and all persons claiming or to claim hereinafter under him and against all other persons, save and except the government of the United States."

There is a finding by the jury that the appellants and their grantors have kept up the annual assessment work on the Silver Chief and the Good Hope ever since the year 1901 up to the time of the trial. We are therefore confronted with this situation: We have a judgment in the former case which, taken in connection with the findings that the Good Hope and Silver Chief boundaries are practically unchanged since 1901, and that the Mohawk covers the same ground that the Mountain King formerly covered, is broad and comprehensive enough to amount to a *res adjudicata* of the rights of the appellee, but to give the judgment that effect, we must assume that the court in that case disregarded the pleadings and the issues made by them, since the answer disclaimed any conflict between the Good Hope and Silver Chief and the Mountain King. In that case Dunlap made no adverse claim to an interest in the Mountain King (now the Mohawk), neither did the appellee assert any right, title or interest in the Good Hope and Silver Chief. Dunlap's answer was in effect a disclaimer of adverse interest or right in the Mountain King, and the action, so far as he was concerned, should have been dismissed. And since the pleadings, consisting of the complaint and the answer, failed to disclose any contest or any conflict of ground or any adverse interest between the owners of the Silver Chief and Good Hope and the owner of the Mountain King, it would therefore seem that the judgment entered, in so far as it undertook to quiet Dunlap's title to the Silver Chief and Good Hope "as against the plaintiff and all other persons claiming or to claim hereinafter under him and against all other persons," was no more effective and no greater a bar to the appellee than it was a bar to "all other persons," because the judgment was without the issues made by the pleadings. In 23 Cyc. 1302, it is said:

"The general rule is that a judgment is conclusive, for the purposes of a second action between the same parties or their privies, of all facts, questions, or claims which were directly in issue and adjudicated, whether the second suit be upon the same or a different cause of action."

Sometimes it is said that the estoppel is not confined to the issues made by the pleadings, but extends to issues naturally and necessarily involved in the determination of the rights of the parties, and if any issue not directly made by the pleadings, but cognate thereto, has been tried, evidence *aliunde* the record may be introduced to show what that issue was. The pleadings in the former trial failing to disclose any issues between the appellee and Dunlap, the grantor of the appellants, and there being no evidence showing that any issues outside of those made by the pleadings were actually tried and determined, we are not satisfied that the questions of dispute involved in this lawsuit were tried and determined in the case pleaded as a bar to this action. Before the estoppel by judgment can be successfully urged, it must be shown in some way that the issues involved were identical. As put by Cyc. (vol. 23, p. 1301):

"It must clearly and positively appear, either from the record itself or by the aid of competent extrinsic evidence, that the precise point or question in issue in the second suit was involved and decided in the first."

We are of the opinion that the appellants failed to sustain by their evidence the issue of *res adjudicata.*

The findings of the jury were to the effect that the appellants and their grantors (Dunlap and Miller) had been in possession of the Silver Chief and Good Hope mining claims, doing the annual assessment work thereon from 1901 up to and including 1913. There is no finding, however, that such possession had been peaceable and adverse. So far as the findings are concerned, the possession may have been a joint one with the appellee. Before possession will ripen into a title it must be peaceable, adverse, open and exclusive.

Judgment affirmed.

FRANKLIN and CUNNINGHAM, JJ., concur.

.On judgment against plaintiff in action involving boundary as establishing boundary claimed by defendant, see note in 38 **L. R. A.** **(N. S.)** 1020 (especially 1023), on the matter where the question is not in issue.