**Helen Catzen KREIELSHEIMER, Appellant,**

v.

**Emanuel B. COHEN and The Flat Top National Bank, a National Banking Association, Administrator of the Estate of Ethel Irene Catzen Cohen, Appellees.**

**No. 7556.**

United States Court of Appeals
Fourth Circuit.

Argued Jan. 17, 1958.

Decided Feb. 14, 1958.

Arthur F. Kingdon, Bluefield, W. Va. (Harry Schwartz, Washington, D. C., on the brief), for appellant.

William T. Hancock and George Richardson, Jr., Bluefield, W. Va., for appellees.

Before PARKER, Chief Judge, SOBELOFF, Circuit Judge, and WARLICK, District Judge.

PER CURIAM.

This is an appeal in an action based upon an alleged agreement to execute reciprocal wills. At the conclusion of plaintiff's evidence the trial judge entered judgment for defendant on the ground that the evidence was insufficient to establish the agreement relied on, without, however, making the findings of fact required by Rule 41(b) of the Rules of Civil Procedure, 28 U.S.C.A., the pertinent portion of which provides:

"After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. In an action tried by the court without a jury the court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction or for

improper venue, operates as an adjudication upon the merits."

If it were entirely clear that the evidence offered by plaintiff was insufficient to make out a case if accepted as true and taken in the light most favorable to plaintiff, we might overlook the failure to comply with the rule; but we are not satisfied that the plaintiff has failed to make a case if the evidence is viewed in this light. Where findings of fact are made by the trial judge, we are bound by them unless they are clearly erroneous; but this is not the rule where his action is based upon the insufficiency of the evidence without findings of fact. In this case we do not think that we should attempt a review in the absence of a finding of facts by the trial court as required by the Rules of Civil Procedure.

The judgment of the District Court will accordingly be vacated and the case will be remanded with direction that the court hear such additional evidence as the parties may desire to offer, make findings of fact as contemplated by the Rules of Civil Procedure, and enter such judgment thereon as may be appropriate in the premises.

Vacated and remanded.