402 P.2d 1001

John KAZAL and Pauline Kazal, husband and wife, Appellants,

v.

Albert S. KAZAL and Vera Kazal, husband and wife, Appellees.

No. 7349.

Supreme Court of Arizona.

En Banc.

June 9, 1965.

Ben F. Williams, Jr., Douglas, for appellants.

Lloyd C. Helm, Douglas, for appellees.

LOCKWOOD, Chief Justice.

Plaintiff, John Kazal, sued defendant, Albert Kazal, to recover a proportionate share of moneys advanced by plaintiff toward the construction of a building to be leased by plaintiff and defendant as joint venturers. From the judgment in favor of defendant, the order denying plaintiff's

motion to amend complaint, and the order denying plaintiff's motion for new trial, plaintiff appeals.

On November 10, 1960, the case was tried before the court without a jury. After the plaintiff had completed the presentation of his evidence, the defendant moved for an involuntary dismissal. Such a motion is appropriate at this juncture of a case pursuant to Ariz.R.Civ.P. 41(b), 16 A.R.S. The court ordered that defendant's motion be taken under advisement and defendant thereupon rested. Thereafter, on February 2, 1961, the court ruled on defendant's motion, stating in its minute entry the following:

"By direction of the Court Judgment is hereby rendered in favor of defendants and against plaintiff in that plaintiff take nothing by their complaint, the complaint is dismissed and the Defendant have judgment for their costs."

In rendering judgment for defendant, the trial court did not make findings of facts or state its conclusions of law.

Ariz.R.Civ.P. 41(b), as it read at the time of trial, provided in pertinent part as follows:

"After the plaintiff has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. In an action tried by the court without a jury the court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff at the close of the plaintiff's case, the court *shall, without prior request,* make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this Rule, other than a dismissal for lack of jurisdiction, for improper venue, or for lack of an indispensable party, operates as an adjudication upon the merits." (Emphasis supplied.)

Rule 41(b), Ariz.R.Civ.P., clearly, provides that it is incumbent upon the trial court to make findings of fact when it grants defendant's motion for dismissal. The question thus is what should be done on review when the trial court does not discharge its duty in making these findings when it grants defendant's motion for involuntary dismissal in a non-jury case. The resolution of this question entails a consideration of the trial court's function when granting defendant's motion in a non-jury case under Rule 41(b).

Professor Moore explains this function as follows:

"On a motion by a defendant for a directed verdict in a jury case, the court must consider all the evidence in the light most favorable to the plaintiff and may grant the motion only if, *as a matter of law,* the evidence is insufficient to justify a verdict for the plaintiff. This must remain the rule in jury cases so that the right of jury trial be not impaired.

"If the motion to dismiss in a non-jury case is analogized to the motion for a directed verdict, the same rule must apply. And the Third and Fourth Circuits, prior to the 1946 amendment of Rule 41(b), held that the function of the court was the same in each situation, and that the Court was obliged to deny a motion to dismiss at the close of plaintiff's evidence if the evidence would be, in a jury case, sufficient to carry the case to the jury, even though the evidence was conflicting or involved questions of credibility and the court as trier of the fact would find against the plaintiff on the evidence. The Sixth, Seventh and Ninth Circuits, on the other hand, held that the question was not whether there was sufficient proof to carry the case to the jury, where there was no jury, but that the court itself, being the trier of the facts, had a right to apply its own judgment to the plaintiff's evidence, and even though there was some conflict in the plaintiff's case, or even if there were two possible inferences to be drawn from the plaintiff's case, the court, as trier of the facts, might apply its own judgment and grant or deny the motion accordingly. The position of the Third and Fourth Circuits was based on the theory that the defendant's motion raised a question of law only. But this disregarded the wording of Rule 41(b) that the grounds of the motion were that 'upon the *facts* and the law the plaintiff has shown no right to relief.'

"By the 1946 amendment the Court adopted the position taken by the Sixth, Seventh and Ninth Circuits by inserting two sentences in Rule 41(b) reading as follows:

'In an action tried by the court without a jury the court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in rule 52(a).'

"In 1963, the first of these two sentences was verbally amended; but no change of substance was made.

"The amendment clearly adopts the better practice. Since the Rules were designed to expedite the trial of cases it is certainly within their purpose that the court should have the power to dispose of the case at the first opportunity, and it is entirely appropriate that the court have the power to weigh the evidence, consider the law, and find for the defendant at the close of plaintiff's case. This does not mean that it will always be advisable for the court to do so. · The case, at that point, may be very close and in the interest of obtaining a full and complete picture for both the trial and the appellant court it may be advisable to deny the defendant's motion, put the defendant to its proof, and then decide the case when all the evidence has been adduced.

"Under the theory of the Third and Fourth Circuits findings of fact were not required since there was only a question of law; under the view of the other circuits findings were necessary since the court was passing judgment upon both fact and law. The 1946 amendment supra, expressly requires the court to make findings as provided in Rule 52(a), if it renders judgment on the merits against the plaintiff.

"The 1946 amendment to Rule 41(b), then, eliminated any doubt which might previously have existed as to the trial court's role in passing upon defendant's motion, in a court case, to dismiss for failure of plaintiff's proof; and, as stated, adopted the view espoused by the Sixth, Seventh and Ninth Circuits. This role of the court is quite different than it is in passing upon a motion for a directed verdict in a jury case where the judge is not the trier of the facts and cannot make the factual determination. In the court case, however, since the judge is the trier of the facts he may weigh and consider the evidence and sustain defendant's motion though plaintiff's evidence establishes a prima facie case that would have precluded a directed verdict for defendant in a jury case." (Emphasis in the original.) 5 Moore, Federal Practice ¶ 41.13 [4], at 1155–1159 (2d ed. 1964).

The 1946 amendment to which Professor Moore refers was adopted in Arizona in 1955. The Arizona amendment was identical to the Federal amendment, except that the Arizona rule added the words "without prior request" in describing the court's duty to make findings upon granting the defendant's motion to dismiss. In Chadwick v. Larsen, 75 Ariz. 207, 254 P.2d 1020 (1953), this Court held that in a non-jury case the court, in granting defendant's motion to dismiss after plaintiff has presented his case, has power to consider

and weigh the evidence. This conclusion was supported by an analysis of the decisions of the Sixth, Seventh, and Ninth Circuits. However, in Joseph v. Tibsherany, 88 Ariz. 205, 354 P.2d 254 (1960), we said that the Chadwick case, supra, was no longer applicable because it had been decided prior to the amendment of Rule 41(b) in 1955. However, we do not understand Joseph, supra, to stand for the proposition that in granting a motion for involuntary dismissal in a non-jury case a trial judge cannot consider and weigh the evidence. Such a conclusion would be inconsistent with the avowed purpose of the amendment to Rule 41(b) which we noted in Joseph, supra. The text of Rule 41(b) leaves no room for doubt on this point inasmuch as it expressly provides as follows:

"In an action tried by the court without a jury the court *as trier of the facts* may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence." (Emphasis supplied.)

Since a trial judge in granting a motion for involuntary dismissal in a non-jury case does have the power, as the trier of the facts, to consider and weigh the evidence and must make findings of fact and conclusions of law when it grants the motion, it is now appropriate to consider what consequence should attach on review when the trial court does not discharge its duty to make such findings and conclusions. In Joseph, supra, we noted

"The trial court in the instant case failed to make *special findings of fact and state separately its conclusions of law thereon.* Hence we have no alternative but to treat defendant's motion for judgment the same as we would treat a motion for a directed verdict in a jury case. Makowsky v. Povlick, 3 Cir., 262 F.2d 13." (Emphasis in original.) 88 Ariz. at 209, 354 P.2d at 257.

The Makowsky case upon which we relied in reaching the above conclusion has subsequently been clarified by the Third Circuit. O'Brien v. Westinghouse Electric Corporation, 293 F.2d 1 (3d Cir. 1961). In O'Brien, supra, the court pointed out that Makowsky was a case tried before a jury so that it was proper to consider a motion in such circumstances as a motion for a directed verdict pursuant to Rule 50(a). The court in O'Brien noted the following:

"It appears timely to dissipate any confusion that may have grown out of the prior decisions of this court.

"It is clear a motion under Rule 41(b) for dismissal at the end of plaintiff's case, that upon the facts and the law the plaintiff has shown no right to relief, is proper in a case without a jury. Upon granting such a motion the court should make findings

of fact and conclusions of law pursuant to Rule 52(a). Upon review the findings must be accepted unless clearly erroneous. It is equally clear that in a jury case the question only can be one of law. Therefore the motion should be for a directed verdict as mentioned in Rule 50. [Citations omitted.] If the court grants it no findings of fact are necessary and upon review the evidence must be viewed in the light most favorable to the party against whom the motion is made. Hence in this case it is held that no findings of fact were necessary, any indication in Makowsky v. Povlick, supra, to the contrary notwithstanding." 293 F.2d at 9.

Since the doctrinal underpinning of our conclusion in the Joseph case has been seriously cut into by the Third Circuit's later explanation of Makowsky in O'Brien, it now seems appropriate for us to join the Third Circuit "to dissipate any confusion that may have grown out of the prior decisions of this court."

The sounder view in the instant case is suggested by the approach of the Fourth Circuit in Kreielsheimer v. Cohen, 252 F.2d 330 (4th Cir. 1958). In that case where the trial court had failed to make findings of fact and conclusions of law in granting defendant's motion for involuntary dis-

missal in a non-jury case, the court remanded the case to the trial court noting as ·follows:

"Where findings of fact are made by the trial judge, we are bound by them unless they are clearly erroneous; but this is not the rule where his action is based upon the insufficiency of the evidence without findings of fact. In this case we do not think that we should attempt a review in the absence of a finding of facts by the trial court as required by the Rules of Civil Procedure." 252 F.2d at 331.

This approach is consonant with the requirement of Rule 41(b) which allocates the function of fact finding to the trial court, not to this court. In the long run, this approach seems better designed to assure that the function of fact finding will be accomplished at the trial court level.

■ .Since the conclusion we have reached requires a reversal of the trial court's granting of the defendant's motion for involuntary dismissal, the remaining question involves the proper disposition of this case on remand. Where the granting of defendant's motion for involuntary dismissal is reversed on appeal, Federal appellate courts remand the case to the trial court for further proceedings in which the defendant may present any evidence he may have. Roebling v. Anderson, 103 U.S.

App.D.C. 237, 257 F.2d 615 (1958). In some situations it is not necessary to require plaintiff to represent his evidence. United States v. United States Gypsum Co. et al., 333 U.S. 364, 68 S.Ct. 525, 92 L.Ed. 746 (1948); Gulbenkian v. Gulbenkian, 147 F.2d 173, 158 A.L.R. 990 (2d Cir. 1945). However, in the analogous situation under Federal Rule 52(a), which, unlike our own Rule 52(a), imposes a mandatory duty on trial judges to make findings of fact, Federal courts have remanded for a new trial where the trial judge does not comply with this requirement where to remand to a trial court for the sole purpose of permitting it to state adequately its findings of fact and conclusions of law "would serve no useful purpose." Kruger v. Purcell, 300 F.2d 830, 832 (3d Cir. 1962). Because the trial judge who heard the evidence in the trial below is no longer a judge, a fact of which we can take judicial notice, cf. Peterson v. Sundt, 67 Ariz. 312, 195 P.2d 158 (1948), a remand for the sole purpose of permitting findings of fact in the present case would likewise "serve no useful purpose." Cf. Ariz.R.Civ.P. 63. Accordingly, we remand the case to the Superior Court for a new trial. A.R.S. §§ 12–2102, subsec. A.; 12–2103, subsec. A. (1956).

STRUCKMEYER, V. C. J., and BERNSTEIN, UDALL and McFARLAND, JJ., concur.