441 P.2d 65

**SUNNYSLOPE BUILDERS SUPPLY, INC.,
an Arizona Corporation, Appellant,**

v.

**Ernest A. MODESSITT et ux., et al.,
Appellees.**

**No. 8034.**

Supreme Court of Arizona.

In Banc.

May 15, 1968.

Richmond, Ajamie & Fay, by Richard E. Fay, Phoenix, for appellant.

David Dietz, Phoenix, for appellees.

McFARLAND, Chief Justice:

Plaintiff-appellant Sunnyslope Builders Supply, Inc., a corporation (hereinafter referred to as plaintiff), brought an action in Superior Court against Ernest A. Modessitt and wife, and Forest D. Daily, Jr., (hereinafter referred to as Forest) and wife, to foreclose two mechanics' liens totalling $1,144, against property of defendants. The case was tried without a jury. At the close of plaintiff's case, defendants moved to dismiss, under Rule 41(b), Rules of Civ. Proced., 16 A.R.S. The trial court took the motion under advisement, and, at the close of defendants' case, without making findings of fact and conclusions of law, granted the motion and entered an order of dismissal, from which plaintiff appealed.

The evidence showed that defendants were building some houses in Sunnyslope; that Forest's brother Paul was frequently helped by Forest's giving him other jobs; that in the early part of 1960 Paul rented from Forest some vacant property on which he operated a lumber yard which went out of business after a few months; that Paul bought some plumbing fixtures from plaintiff and subsequently sold them to Forest and Modessitt; that the fixtures were installed in the buildings being constructed by defendants, who paid Paul and got a lien waiver from him. When Paul failed to pay plaintiff the latter filed mechanics' liens on the properties, which plaintiff is attempting to foreclose in this action.

§ 33–981, 11 A.R.S., gives a materialman a lien for material furnished in the construction of a building, at the instance of the owner or his agent. The sole issue at the trial was whether Paul was Forest's agent. The theory of the defense was that Paul was running a retail business on property leased from his brother, and that the sale by plaintiff to Paul was a sale at wholesale to a dealer for resale, in which event no lien arose in favor of the seller. Plaintiff, on the other hand, claims that Paul was Forest's agent for the purchase of the fixtures, so that the mechanics' lien statute applies.

The evidence was incomplete and conflicting. Plaintiff testified that Paul's lumber yard was already out of business, and the retail sales license was already cancelled, before the materials were purchased by Paul. Forest denied this, and testified that Paul's business was still operating at the time of the purchase. Paul claims that the fixtures were not bought for Forest's job at all, but for another party who defaulted in taking delivery, and that the sale to Forest enabled him to get his money out of a purchase that turned sour. Plaintiff claims that Paul told him, before making the purchase, that the fixtures were for Forest. Plaintiff claimed that Forest guaranteed Paul's debts; Forest denied this. There is evidence that plaintiff's ledger and invoices had been tampered with. There is no explanation of the lack of any sales tax on plaintiff's invoices, which tends to indicate that the fixtures were for resale.

There are other contradictions and omissions, but these suffice to show some of the conflicts that had to be considered by the court in arriving at final disposition of the case, one of the principal ones being whether Paul was Forest's agent.

Plaintiff contends that even though the motion to dismiss was taken under advisement, and the defendant went ahead and put on evidence, the proper procedure was not followed for the reason that the court later granted the motion to dismiss without making findings of facts and conclusions of law.

Defendants contend that the motion to dismiss having been made after plaintiff had rested and after defendants had presented evidence, it operated as an adjudication of the merits of the case. However, in determining this case, we must base our decision on the record made by the trial court. The judgment specifically states that:

"* * * the Court having taken the defendants' * * * motion to dismiss under advisement; therefore, it is

"ORDERED, ADJUDGED AND DECREED that the motion to dismiss of the defendants * * * is granted * * *"

We must therefore determine whether the trial court followed the proper procedure in granting the motion to dismiss.

Rule 41 (b) at the time the case was tried provided:

"* * * After the plaintiff has completed the presentation of his evidence, the defendant * * * may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. In an action tried by the court without a jury, the court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any

judgment until the close of all of the evidence. If the court renders judgment on the merits against the plaintiff at the close of the plaintiff's case, the court shall, without prior request, make findings as provided in Rule 52(a). Unless the court, in its order for dismissal, otherwise specifies, a dismissal * * * operates as an adjudication upon the merits."

Defendants contend that the amendment of 41(b), supra, made after the trial of the instant case, should be considered as a clarification of the rule, and that we should follow the interpretation of the notes of the Bar Association as to the effect of the new amendment. However, the meaning of Rule 41(b), supra, in effect at the time this case was tried, was clearly set forth by this Court in the case of Kazal v. Kazal, 98 Ariz. 173, 402 P.2d 1001. In the Kazal case, in discussing the effect of the failure of the trial court to make findings of fact and conclusions of law when granting a motion to dismiss at the conclusion of plaintiff's case, we said:

"The sounder view in the instant case is suggested by the approach of the Fourth Circuit in Kreielsheimer v. Cohen, 252 F.2d 330 (4th Cir. 1958). In that case where the trial court had failed to make findings of fact and conclusions of law in granting defendant's motion for involuntary dismissal in a non-jury case, the court remanded the case to the trial court noting as follows:

" 'Where findings of fact are made by the trial judge, we are bound by them unless they are clearly erroneous; but this is not the rule where his action is based upon the insufficiency of the evidence without findings of fact. In this case we do not think that we should attempt a review in the absence of a finding of facts by the trial court as required by the Rules of Civil Procedure.' 252 F.2d at 331.

"This approach is consonant with the requirement of Rule 41(b) which allocates the function of fact finding to the trial court, not to this court. In the long run, this approach seems better designed to assure that the function of fact finding will be accomplished at the trial court level.

"Since the conclusion we have reached requires a reversal of the trial court's granting of the defendant's motion for involuntary dismissal, the remaining question involves the proper disposition of this case on remand. Where the granting of defendant's motion for involuntary dismissal is reversed on appeal, Federal appellate courts remand the case to the trial court for further proceedings in which the defendant may present any evidence he may have. Roebling v. Anderson, 103 U.S.App.D.C. 237, 257 F.2d 615 (1958). In some situations it is not necessary to require plaintiff to represent his evidence. * * *"

■ We hold that in the instant case, in granting the involuntary motion to dismiss, it was mandatory upon the court to make findings of fact and conclusions of law.

The court held in Kazal v. Kazal, supra, where such findings of fact and conclusions of law had not been made, it was necessary to remand the case for a new trial for the reason that the judge who heard the evidence in the trial was no longer a judge. This is not the situation in the instant case. We see no necessity for the granting of a new trial. We therefore set aside the judgment, and remand the case to the trial court with directions to make findings of fact and conclusions of law, and enter judgment in accordance therewith.

Judgment vacated with directions.

UDALL, V. C. J., and STRUCKMEYER, BERNSTEIN, and LOCKWOOD, JJ., concur.