479 P.2d 427

**Robert B. BALE and Doris S. Bale, his wife, Appellants,**

v.

**Jerry D. COFFIN and Norma Coffin, his wife, and others, Appellees.**

**No. I CA–CIV 1335.**

Court of Appeals of Arizona, Division 1.

Feb. 22, 1971.

Tognoni & Pugh by Frederic W. Heineman, Phoenix, for appellants.

Hill & Savoy by Philip W. Marquardt, Phoenix, for appellees.

HOWARD, Judge.

This case involves a dispute between two neighbors as to the location of the boundary line between their properties. The appellants, plaintiffs below, brought a quiet title action against the appellees. At the trial of the action appellants claimed title by adverse possession. The trial court agreed with them as to part of the land in question but not as to a small strip of land where their properties meet a residential street.

Appellants' opening brief consists of sixty pages—fifty-nine of which are arguments on the factual issues.

■ In order that title may be acquired by adverse possession the possession of the claimant must be exclusive. Morgan v. Barrett, 17 Ariz. 376, 153 P. 449 (1915). To be effective as a means of acquiring title the possession of the adverse claimant must be exclusive of the true owner. 2 C.J.S. Adverse Possession § 48 at 566. The burden of proof is upon the person claiming title by adverse possession to show that the requisite elements thereof have been satisfied. Tenney v. Luplow, 103 Ariz. 363, 442 P.2d 107 (1968).

■ Both parties claimed that they watered and took care of the area in question. The evidence is conflicting on this issue. There is substantial evidence to support the trial court's conclusion that the possession of appellants was not exclusive.

Affirmed.

KRUCKER, C. J., and HATHAWAY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.