503 P.2d 402

**Leonard E. LAPPIN, Appellant,**

**v.**

**Renee LAPPIN, Appellee.**

**No. 2 CA–CIV 1238.**

Court of Appeals of Arizona,
Division 2.

Nov. 28, 1972.

Healy & Beal, P. C. by Robert L. Beal, Tucson, for appellant.

D'Antonio & Videen by Garven W. Videen, Tucson, for appellee.

KRUCKER, Chief Judge.

This is a divorce action brought by the plaintiff-appellant, Leonard Lappin in 1971 on the grounds of mental cruelty. Prior to trial, the plaintiff requested Findings of Fact and Conclusions of Law.

On March 2, 1972, the case was tried before the court without a jury. After the appellant had presented his case and had rested, the appellee made a motion for a directed verdict or judgment of dismissal of appellant's complaint on the grounds that appellant had not shown grounds for divorce and that there was not sufficient corroboration of appellant's alleged grounds. The trial court orally granted the motion and dismissed the appellant's complaint. At this time the appellant renewed his motion for Findings of Fact and Conclusions of Law. The court, in granting this motion, ordered the appellee to prepare proposed Findings of Fact and Conclusions of Law. Thereafter, on May 29, 1972, a written order was signed. It stated:

"This cause having been tried to the Court on March 2, 1972, without a jury, and at the conclusion of the plaintiff's case the Court granted defendant's motion for directed verdict and/or judgment of dismissal;

At the beginning of the trial plaintiff requested findings of fact and conclusions of law, therefore,

IT IS THE ORDER OF THE COURT that the motion for directed verdict and/or judgment of dismissal be and hereby is granted and it is ordered that plaintiff's complaint be and hereby is dismissed.

*IT IS FURTHER ORDERED that the minute entry order requiring defendant's attorney to prepare proposed findings of fact and conclusions of law be and hereby is vacated and said request is denied.*" (Emphasis added)

It is from this order in favor of the defendant-appellee and the order denying plaintiff-appellant's motion for new trial that plaintiff appeals.

Although appellant raises three claims of error on appeal, we think it necessary to address ourselves only to the following:

1. Was it error for the trial judge to refuse to make findings of fact and conclusions of law?

2. Was it error for the trial judge to refuse appellant's request to make an offer of proof when it was timely requested?

### TRIAL COURT'S FAILURE TO MAKE FINDINGS OF FACT, CONCLUSIONS OF LAW

Rule 41(b), as amended, Arizona Rules of Civil Procedure, 16 A.R.S., provides in pertinent part:

". . . After the plaintiff, in an action tried by the court without a jury, has completed the presentation of his evidence, the defendant, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal on the ground that upon the facts and the law the plaintiff has shown no right to relief. The court as trier of the facts may then determine them and render judgment against the plaintiff or may decline to render any judgment until the close of all the evidence. If the court renders judgment on the merits against the plaintiff, the court shall make findings as provided in Rule 52(a). Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits."

■■ It is clear that this rule places an unqualified duty upon the trial court to make findings as provided in Rule 52(a) when it renders judgment on the merits against the plaintiff. *See also*, Sunnyslope Builders Supply Inc. v. Modessitt, 103 Ariz. 305, 441 P.2d 65 (1968); Kazal v. Kazal, 98 Ariz. 173, 402 P.2d 1001 (1965). Such is the situation in the case at bar, for

an involuntary dismissal by the trial court operates as an adjudication upon the merits.

In discussing the effect of the failure of the trial court to make findings of fact and conclusions of law when granting a motion to dismiss at the conclusion of plaintiff's case, our Supreme Court stated in *Kazal,* supra:

"The sounder view in the instant case is suggested by the approach of the Fourth Circuit in Kreielsheimer v. Cohen, 252 F.2d 330 (4th Cir. 1958). In that case where the trial court had failed to make findings of fact and conclusions of law in granting defendant's motion for involuntary dismissal in a non-jury case, the court remanded the case to the trial court noting as follows:

'Where findings of fact are made by the trial judge, we are bound by them unless they are clearly erroneous; but this is not the rule where his action is based upon the insufficiency of the evidence without findings of fact. In this case we do not think that we should attempt a review in the absence of a finding of facts by the trial court as required by the Rules of Civil Procedure.' 252 F.2d at 331.

"This approach is consonant with the requirement of Rule 41(b) which allocates the function of fact finding to the trial court, not to this court. In the long run, this approach seems better designed to assure that the function of fact finding will be accomplished at the trial court level." 402 P.2d at 1004–1005.

We hold in the instant case, in granting the motion to dismiss, it was mandatory upon the court to make Findings of Fact and Conclusions of Law.

## REQUESTED OFFER OF PROOF

Because refusal of an offer of proof could constitute error which would require a new trial, thus making a remand for the trial court's Findings of Fact and Conclusions of Law futile, we deem it necessary to address ourselves to this question. The facts necessary for this determination are as follows.

Detective Ronald Conner, appellant's supervisor, testified on behalf of the appellant. On direct examination, the following colloquy transpired:

"MR. BEAL: Have you ever met the defendant in this action, Renee Lappin? A. Yes, sir, I have.

Q. When did you first meet her?

A. I met her in 1967 when I was working with Leonard.

\* \* \* \* \* \*

Q. All right, Mr. Conner, I would like you to describe your first meeting with Mrs. Lappin, the defendant in this action.

MR. VIDEEN: I will object to the first meeting, which was back in 1967.

THE COURT: Sustained, too remote.

MR. BEAL: Your Honor, I would like to make an offer of proof, if I may.

THE COURT: The request is denied. These people lived together from 1967 to July, 1971.

MR. BEAL: Yes, sir, that's true. Mr. Conner described that he was very closely associated—

THE COURT: A period of four years. The first meeting was back in 1967.

MR. BEAL: Or the conduct, what she was like before this man?

THE COURT: Not in 1967.

\* \* \* \* \* \*

MR. BEAL: Your Honor, here is the point—

THE COURT: Proceed, will you? I'm not going to argue with you here all morning."

It is evident from a review of this portion of the transcript that appellant was foreclosed from making an offer of proof.

He has informed us, however, at oral argument, that Mr. Conner would have testified that appellee's conduct was so abominable that he would never have invited her over again. He contends that it is relevant and material in showing the continuing attitude of the appellee after 1967, and shortly prior to the parties' separation. Thus, he argues, the trial court's refusal to allow him to make this offer constituted reversible error. Although we agree with appellant that the trial court was in error in refusing to allow appellant to make an offer of proof, we do not believe this constituted grounds for reversal.

■■ In actions tried before the court without a jury, the court should hear the evidence in full unless it *clearly appears that the evidence is not admissible on any grounds* or that the witness is privileged. Rule 43(h), Rules of Civil Procedure, 16 A.R.S. The rationale behind this is best expressed in the following statement in Bextermueller v. Busken, 376 S.W.2d 621, 630 (Mo.App.1964):

"The defendants' counsel [or appellant's] had to make an offer of proof in order to perfect his record and to save that matter for presentation upon appeal. It follows that if a trial court can arbitrarily deny to counsel the right to dictate into the record their offer of proof, he can present any consideration upon appeal as to correctness of his own ruling as to the exclusion of certain evidence."

While we can conceive of something occurring in 1967, four years prior to the divorce while the parties are still living together, which would meet the qualification of "clearly appearing that the evidence is not admissible on any grounds," we do not think this is the present situation. The evidence *might have* been relevant and material if it could have been connected with the present grounds for divorce. Not having the advantage of hearing the offer of proof, the trial court had no way of knowing if or how it was going to be connected. For this reason we think the trial court erred when it failed to allow appellant to make an offer of proof. We do not believe, however, that this error requires reversal. For, even assuming that Mr. Conner would have testified as appellant alleges on appeal, we fail to see how this testimony *is in fact* relevant and material in showing the continuing attitude and conduct of the appellee after 1967. Therefore, it would be inadmissible. This being only a technical error, we do not reverse.

The judgment is set aside and the cause remanded to the trial court with directions to make findings of fact and conclusions of law and enter judgment in accordance therewith.

HATHAWAY and HOWARD, JJ., concur.