519 P.2d 872

**Cleland N. CONWELL and Betty S. Conwell, husband and wife, Appellants,**

**v.**

**Birdie I. ALLEN, Appellee.**

**No. 2 CA–CIV 1470.**

Court of Appeals of Arizona, Division 2.

March 14, 1974.

Amos H. Culbert, Globe, for appellants.

Edward L. Dawson, Globe, for appellee.

## OPINION

KRUCKER, Judge.

The subject of this controversy was ownership of a pie-shaped wedge of land between appellee's property and the property of appellants. A quiet title action instituted by appellee resulted in judgment in her favor, the court ordering that title to the disputed piece of property be quieted in appellee.

Appellants present the following questions:

"1. Could the trial court, under any reasonable interpretation of the evidence presented at trial, conclude that the appellants had not obtained title to the disputed piece of property by adverse possession?

"2. Could the trial court, under any reasonable interpretation of the evidence presented at trial, conclude that the survey done by Mr. Gant should be valid considering the rules of surveying testified to by Mr. Gant and the appellant?"

■ Our examination of the record leads us to conclude that both questions must be answered in the affirmative. Appellants, who claimed ownership by adverse possession, had the burden of proving the requisite elements. Tenney v. Luplow, 103 Ariz. 363, 442 P.2d 107 (1968); Bale v. Coffin, 13 Ariz.App. 550, 479 P.2d 427 (1971). They, of course, maintain that they satisfied their burden of proof.

Their evidence in support of their adverse possession claim is as follows. When appellant-husband purchased his residential lot in 1957, he immediately planted grass. (The prior owner had "desert landscaping"). The contiguous lot, owned by appellee's predecessor in interest, was planted with grass at the time and Mr. Conwell planted his grass up to the neighbor's grass. According to him, when he planted the grass there was no grass on the property in dispute which was a slope.

The Conwells were married in 1961, and in 1964 Mrs. Conwell planted two trees on the property in dispute. The grass planted on the Conwell lot was mowed, watered and maintained by them from 1957 on. Appellee purchased the property next door in 1965, at which time both lots were covered with the same type of grass, which had grown together and appeared as one continuous stretch of grass. In 1966 appellee had a retracement map prepared by a professional surveyor to determine the location of the boundary line between the two lots. Also, the court, at the parties' request, viewed the premises.

■ We are of the opinion that the lower court did not err in rejecting appellants' claim of adverse possession. Assuming arguendo that appellants' conduct in planting and maintaining the grass on the disputed area constituted sufficient notice of their claim to appellee's grantor, we do not believe that under the circumstances such conduct was sufficient to charge appellee with notice.

The open and visible character of possession by an adverse claimant must consist of such acts of ownership as are sufficient to "hoist his flag" and keep it flying over the land. In other words, there must be physical facts which openly evince and give notice of an intent to hold the land in hostile dominion. 2 C.J.S. Adverse Possession § 50. Cases illustrative of this proposition are Laabs v. Bolger, 25 Wis.2d 17, 130 N.W.2d 270 (1964), in which the claimants planted a tree line as a boundary, planted and maintained a lawn up to the line, and performed other acts of occupancy;[1] Burkhardt v. Smith, 17 Wis. 2d 132, 115 N.W.2d 540 (1962), in which flowers, grass and trees were planted and a cottage was built partially over the boundary line; Krona v. Brett, 72 Wash.2d 535, 433 P.2d 858 (1967), in which the plaintiffs mowed the lawn up to the original fence line, constructed a brick patio,

---

1. There was no proof in the case *sub judice* that appellants moved up to the line that they were claiming so as to put appellee on notice.

and maintained a flower bed and compost heap on the disputed strip.

■ While appellants may have hoisted a flag of hostility in the initial years of their possession, we do not believe they proved that they kept it flying over the disputed parcel. There must be such physical evidence of any adverse claim so as to reasonably indicate to a prudent owner that a claim adverse to his is being asserted. 2 C.J.S. Adverse Possession § 52 b. The trial judge apparently concluded that appellants' conduct was not sufficient to put appellee on notice that they were asserting a claim adverse to hers. We defer to such conclusion, particularly in view of the fact that the trial judge had an opportunity to inspect the premises.

The thrust of appellants' second complaint is directed to the fact that a retracement map prepared for appellee by a professional engineer–surveyor was accepted as proof of the true boundary line between appellants' and appellee's lots. The surveyor used the field notes of the original survey ·in making the resurvey and also the original plat of the subdivision. Mr. Conwell, an engineer, based his opinion of the location of the boundary line on his recollection of the location of a stake in the ground at the time he purchased the lot. It is stated in 12 Am.Jur.2d Boundaries § 71:

"A stake when once placed, however, fixes the corner as conclusively as if it were marked by a natural object or a more permanent monument. Owing to the fact that it may be removed or obliterated, its location is frequently more difficult of proof, but if proved, it fixes the corner with the same certainty as where the mark is a permanent object." 12 Am.Jur.2d at 608.

■ Appellants' reliance on the proposition that the wooden stake conclusively fixed a corner of their property is misplaced for the reason that their proof of its location in 1957 was no more than an approximation. Mr. Conwell testified that the stake was located approximately at the toe of the slope of the hill and approximately two feet north of a water meter box on the property installed subsequent to 1957. We find no error in the trial court's rejection of appellants' proof of the boundary location.

■■ The main purpose of a resurvey is to rediscover the boundaries according to the plat upon the best evidence obtainable and to retrace the boundary lines laid down in the plat. Staaf v. Bilder, 68 Wash.2d 800, 415 P.2d 650 (1966). Where, as here, the surveyor based his resurvey upon the original survey, i. e., the field notes, we find no error in the trial court's acceptance of the boundary line established by such resurvey. 12 Am.Jur.2d Boundaries § 61.

Finding no merit in appellants' contentions, the judgment is affirmed.

HATHAWAY, C. J., and HOWARD, J., concur.