538 P.2d 398

Aurelia **TENA**, Carmen Rivera, Celia Farreira and Virginia Bejarano, each a married woman acting in her respective sole and separate right, Appellants,

v.

Maria **YORGULEZ**, a married woman in her sole and separate right, Jose Yorgulez and Maria Yorgulez, husband and wife, Jesusita Blanco, a married woman in her sole and separate right, and Enrique Blanco and Jesusita Blanco, husband and wife, Appellees.

**No. 2 CA–CIV 1821.**

Court of Appeals of Arizona,
Division 2.

Aug. 6, 1975.

Rehearing Denied Sept. 11, 1975.

Review Denied Oct. 21, 1975.

Stephen Paul Barnard, Ronald R. List, Tucson, for appellants.

Everett, Bury & Moeller, P. C. by J. Michael Moeller, Tucson, for appellees Yorgulez.

James F. Haythornewhite, Nogales, for appellees Blanco.

## OPINION

KRUCKER, Judge.

This is an appeal from a judgment rendered for defendants-appellees after the trial court, sitting as the trier of fact, dismissed plaintiffs-appellants' complaint on the merits pursuant to Rule 41(b), Rules of Civil Procedure, 16 A.R.S. The sole question presented is whether appellants' action to recover fractional interests in a parcel of realty was barred by the applicable statute of limitations, A.R.S. § 12–523.

We note preliminarily that despite appellants' timely request, the trial court failed to make findings of fact and conclusions of law. We stated in Lappin v. Lappin, 18 Ariz.App. 444, 503 P.2d 402 (1972) that Rule 41(b) "places an unqualified duty upon the trial court to make findings as provided in Rule 52(a) when it renders judgment on the merits against the plaintiff." 18 Ariz.App. at 445, 503 P.2d at 403. We do not think, however, that the trial court's failure to discharge this duty requires a remand in every case. Findings of fact are not a jurisdictional requirement of appeal but merely aid the appellate court in reviewing the decision below. English v. Town of Huntington, 448 F.2d 319 (2d Cir. 1971); Rossiter v. Vogel, 148 F.2d 292 (2d Cir. 1945). See also, Silva v. Romney, 473 F.2d 287 (1st Cir. 1973); Ellingson v. Fuller, 20 Ariz. App. 456, 513 P.2d 1339 (1973). Where, as here, the parties expressly or impliedly waive all claims of error based on the trial court's failure to make findings of fact and conclusions of law, and the record is sufficiently clear to enable this court to undertake a full and fair consideration of the question presented, remand is unnecessary and will not be ordered. See, Rossiter v. Vogel, supra; Shellman v. Shellman, 68 App.D.C. 197, 95 F.2d 108 (1938). Cf., Thornton v. Southwest Flour & Feed Co., 8 Ariz.App. 190, 444 P.2d 747 (1968).

Viewing the evidence in the light most favorable to sustaining the judgment, Kubby v. Crescent Steel, 105 Ariz. 459, 466 P. 2d 753 (1970), the facts are as follows. Appellants, Aurelia Tena, Carmen Rivera, Celia Farreira and Virginia Bejarano, and appellees, Maria Yorgulez and Jesusita Blanco, were sisters. On March 5, 1955, appellants and appellees each inherited undivided one-ninth interests in a parcel of land from their mother. In 1960, appellants conveyed their interests in the land to appellees by deed of gift. According to appellants, the conveyances were made on the understanding that appellees would live on the property and manage it for the benefit of all parties, and pay the taxes and repair expenses in lieu of rent. They were ultimately to sell the property and distribute the proceeds among the parties equally. At the trial, appellee Jesusita Blanco denied the existence of any such understanding.

Around 1962, appellant Virginia Bejarano and her husband were forced to move from their home. Virginia went to appel-

lees and expressed a desire to build on the land. Appellees told her they could not build because she had signed a deed and because appellees wanted to sell the entire parcel at once and give everyone her share of the proceeds. Between 1962 and 1967, appellee Maria Yorgulez repeated to Virginia appellees' intention to sell the property and give appellants their share of the proceeds.

In late 1967 or early 1968, during a heated family dispute, appellee Jesusita told appellants Virginia, Carmen and Aurelia they had no rights in the property. She further said she would not move and that she remembered no agreement concerning the property. Shortly thereafter, Carmen and Aurelia consulted an attorney, a Mr. Healy, because they doubted Jesusita and Maria were going to abide by the agreement. Appellees later told appellants they were going to obtain money to pay them for their interest in the land and appellants stopped consulting Mr. Healy.

By early 1970 no payment had been made. Appellants again consulted an attorney, a Mr. G. A. Larriva. Mr. Larriva had appellant Carmen bring appellee Maria to his office. After ascertaining that Maria was not represented by an attorney, Mr. Larriva questioned her concerning the property and recorded the conversation on tape. In response to Mr. Larriva's questions, Maria fully acknowledged the existence of an agreement by appellees to hold the property for appellants' benefit and to divide the sale proceeds among appellants and appellees.

In May, 1970, Mr. Larriva spoke to Nasib Karam, Jesusita's attorney. Mr. Larriva testified that Mr. Karam told him there would be no problem about the property and his client wanted to do the right thing but was having difficulty borrowing money. Mr. Larriva further testified Mr. Karam told him, "Each of your clients will get their share." Mr. Karam, however, testified he told Mr. Larriva that Jesusita viewed the property as her own and would never agree to hold it in trust.

Appellants filed their action against appellees on January 28, 1972. Appellees alleged as an affirmative defense that the action was barred by A.R.S. § 12–523. At the conclusion of all the evidence, the trial court held the action was barred and dismissed appellants' complaint pursuant to Rule 41(b). Judgment was entered in favor of appellees.

On appeal we must presume the trial court found the necessary facts to support its judgment, providing there is evidence in the record to support it. Billman v. Ace Restaurant Supply Co., 5 Ariz.App. 56, 423 P.2d 132 (1967). Where conflicting evidence has been presented to the trial court, we must accept as true the evidence that most strongly supports the judgment. Feffer v. Newman, 17 Ariz.App. 273, 497 P.2d 389 (1972). Although we must affirm if we may do so on any reasonable view of the record, Thornton v. Southwest Flour & Feed Co., 8 Ariz.App. 190, 444 P.2d 747 (1968), we need not disregard uncontradicted evidence that undermines the trial court's conclusions.

As our Supreme Court noted in Lewis v. Farrah, 65 Ariz. 320, 180 P.2d 578 (1947), there are no equities in favor of one claiming by adverse possession. An adverse claimant has the burden of proving each and every one of the requisite elements of his claim. Conwell v. Allen, 21 Ariz.App. 383, 519 P.2d 872 (1974). A.R.S. §§ 12–521 and 12–523, the statutory provisions that appellees had to satisfy to prevail in this case, are as follows:

"§ 12–523

A. An action to recover real property from a person in peaceable and adverse possession under title or color of title shall be commenced within three years after the cause of action accrues, and not afterward.

§ 12–521

A. In this article, unless the context otherwise requires:

1. 'Adverse possession' means an actual and visible appropriation of the

land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another.

2. 'Peaceable possession' means possession which is continuous, and not interrupted by an adverse action to recover the estate."

It is undisputed that appellees possessed the land in question under color of title during all periods relevant to this appeal. The issue we must determine is whether appellees met their burden of proving that they possessed the land under a claim of right inconsistent with and hostile to appellants' claim for a continuous three-year period. 3 Am.Jur.2d Adverse Possession § 147 states:

"It is a general principle that members of a family may not acquire adverse possession against each other in the absence of a showing of a clear, positive, and continued disclaimer and disavowal of title, and an assertion of an adverse right brought home to the true owner a sufficient length of time to bar him under the statute of limitations from asserting his rights. *Stronger evidence of adverse possession is required where there is a family relation between the parties than where no such relation exists.*" (Emphasis added)

*See,* Apodaca v. Hernandez, 61 N.M. 449, 302 P.2d 177 (1956).

■ Here, the parties were sisters. Appellees must therefore be held to a higher burden of proof of continuous adverse holding than if they were asserting their claim against strangers. We hold as a matter of law that they failed to meet this burden of proof. Although appellees prevented appellant Virginia from building on the land in 1962, the reason appellees gave was that they wanted to sell the land as a unitary parcel to maximize the sale proceeds for distribution among all the parties. This was not at all inconsistent with appellants' claim to the land. Between 1962 and 1967, Maria repeated appellees' intention to sell and distribute the proceeds. In late 1967 or early 1968, appellee Jesusita repudiated appellants' claim to the

land. Appellants immediately consulted an attorney but dropped the matter when appellees assured them they would pay for appellants' interest in the land. In early 1970 appellants again consulted an attorney. In the presence of the attorney and appellant Carmen, appellee Maria acknowledged an agreement to hold the land for appellants' benefit and share the sale proceeds with them. Two years later, appellants filed their complaint.

■ From this record we think appellees failed to establish that appellees held under a claim of right adverse to that of appellants for a continuous three-year period. As 7 Powell on Real Property § 1014 states:

"The claimant must have affirmatively and *consistently* acted as if he were the owner, taking into due account the reasonable uses for which the land in question was suitable. . . . Any clear-cut acknowledgment, by the possessor, that he holds in subordination to the true owner constitutes an ending of the adverse possession, since it eliminates his claim of right. Such an acknowledgment is implicitly in the acceptance of a lease granted by the true owner; is commonly inferred from an offer by the possessor to purchase the owner's interest; *and can be inferred from other situations.*" (Emphasis added) Powell at 720–21.

*Accord,* Weisel v. Hobbs, 138 Neb. 656, 294 N.W. 448 (1940).

It is true that appellees made periodic statements inconsistent with appellants' claimed interest. It is also true, however, that appellees interspersed such statements with assurances that appellants would be compensated for their interest in the land. Consequently, the three-year limitation period never ran. The trial court erred in dismissing the complaint.

Reversed with directions to reinstate the complaint and determine the remaining issues.

HOWARD, C. J., and HATHAWAY, J., concur.