795 P.2d 238

R. Scott JONES and Sandra L. Jones,
husband and wife,
Plaintiffs/Appellants/Cross–Appellees,

v.

Steven K. BURK and Carol Burk, hus-
band and wife, d/b/a Steve K. Burk
Development, Inc., Defendants/Appel-
lees/Cross–Appellants.

No. 2 CA–CV 90–0096.

Court of Appeals of Arizona,
Division 2, Department A.

July 10, 1990.

Gerald D. Sherrill, Phoenix, for plaintiffs/appellants/cross-appellees.

Killian, Legg, Nicholas, Fischer, Wirken, Cook & Pew by Charles W. Wirken, Mesa, for defendants/appellees/cross-appellants.

## OPINION

HOWARD, Judge.

Scott and Sandra Jones (Jones) appeal from a judgment quieting title, finding ownership by adverse possession. Steven and Carol Burk (Burks) cross-appeal on the propriety of that judgment.

## FACTS

The Jones own the Antlers Cocktail Lounge on which the disputed parcel is located (Antler property). The Burks own the property abutting it to the west. The disputed parcel is 9.37 feet in width and runs north-south for 191.61 feet on the western edge of the Antler property.

Stanley Investment Corporation (SIC) purchased the Antler property in 1974. Barry Latham, a principal of SIC, testified to placing a row of cement parking blocks on the western edge of the disputed parcel in 1975. Based on an erroneous survey, Latham thought he owned the parcel. However, his title described the property otherwise. On a regular basis, customers used the southern half of the parcel for parking. Latham sold the Antler property in 1980 to Richard Spickerman. Spickerman testified that the parking blocks lined the southern two-thirds of the western edge of the disputed parcel. A dumpster was located at the northern apex of the parcel.

The Jones purchased the Antler property in 1983. They learned of their lack of title in July 1986. The Burks fenced the parcel in August 1986. More than 20 days prior to the filing of this suit in February 1987, the Jones tendered $5 to the Burks with a quit claim deed, requesting the Burks to deliver title to the parcel. See A.R.S. § 12–1103(B).

The trial court found that there was sufficient evidence to find ownership by adverse possession as to the southern half of the disputed parcel but denied the Jones title to the northern half. It awarded $2,000 in attorney's fees to the Jones. This appeal followed.

## ISSUES

The Jones contend that the trial court erred in denying prescriptive title as to the northern portion of the disputed parcel. They also contend that the trial court abused its discretion by failing to award them the total amount of attorney's fees requested. In their cross-appeal, the Burks argue that the evidence does not support a finding of adverse possession and that attorney's fees were inappropriately granted. For the following reasons, we affirm.

## ADVERSE POSSESSION

1. *Appeal.*

■ The Jones contend that the trial court erred in determining that they had not met their burden in establishing ownership of the northern portion of the disputed parcel by adverse possession. Viewing the record most favorably to upholding the judgment, we find no error. *Chandler v. Jackson*, 148 Ariz. 307, 714 P.2d 477 (App. 1986).

Adverse possession means "an actual and visible appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another." A.R.S. § 12–521(A)(1). The burden of proof is on the claimant. *Tenney v. Luplow*, 103 Ariz. 363, 442 P.2d 107 (1968); *Tena v. Yorgulez*, 24 Ariz.App. 311, 538 P.2d 398 (1975). Evidence must be presented to indicate that the true owner has sufficient notice of the claimant's adverse use. *Knapp v. Wise*, 122 Ariz. 327, 594 P.2d 1023 (App.1979). That is, the claimant must "fly the flag" of ownership over the property. *Id.*

The record shows that when the Antler property was sold in 1980, cement blocks lined the southern two-thirds portion of the disputed parcel on its western edge. No

cement blocks were placed on the northern portion. A dumpster was located at the northern apex of the disputed parcel. The Jones concede in their reply brief that because of trees and the dumpster, parking was not practicable in the northern half of the parcel. The Jones assert that the dumpster was a sufficient indication of their adverse use. The trial court found that no evidence was presented that the dumpster was in place for the requisite ten-year period. Assuming arguendo that the time period was satisfied, evidence of the dumpster's presence, without more, was insufficient to show that the Burks, or their predecessors in interest, would have been aware of any adverse claim. See *Conwell v. Allen,* 21 Ariz.App. 383, 519 P.2d 872 (1974); *Brown v. Windland,* 249 Ark. 6, 457 S.W.2d 840 (1970); *Taylor v. Johnston,* 289 N.C. 690, 224 S.E.2d 567 (1976); *King v. Hawkins,* 282 S.C. 508, 319 S.E.2d 361 (App.1984). The Jones did not carry their burden as to the northern portion of the disputed parcel.

■ The Jones contended at oral argument that, at the very least, they are entitled to ⅔ of the parcel rather than the ½ awarded. In their brief, the Jones only made the argument that they are entitled to the entire parcel. Issues not clearly raised and argued in a party's appellate brief constitute waiver of error on review. 17A A.R.S. Rules Sup.Ct., Rule 5(b) and Rule 101; *Gillard v. Estrella Dells I Improvement District,* 25 Ariz.App. 141, 541 P.2d 932 (1975); *State v. Scofield,* 7 Ariz. App. 307, 438 P.2d 776 (1968). Therefore, this issue will not be considered.

### 2. *Cross–Appeal.*

The Burks cross-appeal contending that there is no evidentiary support to find ownership by adverse possession as to the entire parcel. They claim the Jones's possession of the southern half of the disputed parcel was neither open and notorious nor continuous for ten years. See A.R.S. § 12–526.

The key issue, as discussed above, concerns whether the Burks or their predecessors in interest had notice of an adverse claim of ownership. The evidence shows that Latham lined the entire western edge of the parcel with cement blocks in 1975. When the property was sold in 1980, the southern two-thirds remained lined. Although some of the blocks were broken or moved, a sufficiently identifiable demarcation of the line remained until this action arose. Beyond evidence of the parking blocks, customers regularly parked along the area when stopping at the Antler Lounge. We find the evidence supported the trial court's judgment.

### ATTORNEY'S FEES

■ The Jones appeal the order of the trial court granting less attorney's fees than requested. The Burks cross-appeal contending the award was inappropriate. The Jones offered $5 to the Burks for the execution and delivery of a quit claim deed for the disputed parcel, in compliance with A.R.S. § 12–1103(B) which provides that if a person refuses or neglects to execute the deed, the court may award the plaintiff his attorney's fees. The award of the court of $2,000 where $17,586 were requested was based on the partial success of the Jones and the Burks' willingness to settle the action. The purpose of A.R.S. § 12–1103(B) is to avoid needless litigation and to mitigate the burden of the expenses of litigation to establish a just claim. *Mariposa Development Co. v. Stoddard,* 147 Ariz. 561, 711 P.2d 1234 (App.1985).

■ The Burks argue that this court should vacate the award of attorney's fees because the Jones requested them to quit claim more of the disputed parcel than they obtained from the judgment. They assert that if we uphold the award, we will encourage needless litigation because claimants will try to claim more land than to which they are entitled. We do not agree. First, logic dictates that one who both claims real property and complies with the statute will tender a deed to avoid litigation and to become eligible for attorney's fees if litigation is necessary. Claiming more than one is entitled to would be counterpro-

ductive because it would be tantamount to inviting a lawsuit. Second, one can always avoid liability for attorney's fees by quit claiming the lesser amount, the amount to which the other party is entitled.

Because both the Jones and Burks fail to point to evidence suggesting an abuse of discretion, we will not disturb the award of the trial court. *U.S. Fiduciary Corp. v. Loma Vista Assoc.*, 138 Ariz. 464, 675 P.2d 724 (App.1983); *Sonnenberg v. Ashby*, 17 Ariz.App. 60, 495 P.2d 500 (1972).

Both parties have requested attorney's fees on appeal. We decline to grant an award of fees to either party.

Affirmed.

ROLL, P.J., and HATHAWAY, J., concur.