NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

WENDELL DWAYNE O'NEAL, *Plaintiff/Appellant*,

*v.*

CARLA DEILMAN; LYNETTE HAUCK; SEAN DUNN; "FRANCIS";
MARC BOOKER; GLORIA SESMAS; UNKNOWN EMPLOYEE;
UNIVERSITY OF PHOENIX, INC.; APOLLO GROUP INC.;
*Defendants/Appellees.*

No. 1 CA-CV 15-0306
FILED 8-2-2016

Appeal from the Superior Court in Maricopa County
No. CV2014-091086
The Honorable David M. Talamante, Judge

**AFFIRMED**

COUNSEL

Wendell Dwayne O'Neal, Las Vegas, NV
*Plaintiff/Appellant*

Osborn Maledon PA, Phoenix
By Lynne C. Adams
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Judge Peter B. Swann delivered the decision of the court, in which Presiding Judge Patricia A. Orozco and Judge Jon W. Thompson joined.

---

**S W A N N**, Judge:

¶1        Wendell Dwayne O'Neal ("Plaintiff") appeals the dismissal of his civil action for fraud.  He contends that the superior court should have entered default judgments against the defendants, and that his complaint stated a cognizable claim for relief.  We conclude that the record does not support the entry of default judgments, and that Plaintiff has waived his challenge to the court's determination that he failed to state a claim.  Accordingly, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        In late July 2014, Plaintiff filed (but did not serve) a complaint asserting fraud-based claims against University of Phoenix Inc. and Apollo Ed. Group Inc. (collectively, "the Corporate Defendants"). Not long thereafter, on September 8, 2014, Plaintiff filed a first amended complaint ("FAC") naming the Corporate Defendants as well as employees Carla Deilman, Lynette Hauck, Sean Dunn, Marc Booker, and Gloria Sesmas (collectively, "the Individual Defendants").

¶3        Plaintiff attempted to serve the Corporate Defendants on September 9 by personally delivering the summons and FAC to a Corporate Service Company ("CSC") representative in Tennessee. Defense counsel e-mailed Plaintiff the next day advising him that the attempted service did not comport with the Arizona Rules of Civil Procedure, and was therefore ineffective. On September 29, however, counsel provided Plaintiff with signed acceptance of service forms on behalf of all of the defendants.

¶4        On October 3, the defendants removed the action to federal district court based on diversity jurisdiction.  Plaintiff promptly moved to remand.  The district court eventually granted the motion to remand under 28 U.S.C. § 1441(b)(2), which provides that even if diversity of citizenship exists, removal is improper "if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  But before granting remand, the district court

extended the deadline for the defendants to answer the FAC. The district court then denied Plaintiff's motion for a default judgment against the Corporate Defendants, explaining that the new response deadline had not yet run. The court also denied Plaintiff's several motions for reconsideration of that ruling.

**¶5** After the matter was remanded to the superior court, the defendants filed a motion to dismiss the FAC under Ariz. R. Civ. P. 9(b) and 12(b)(6). Plaintiff then filed several motions, including one seeking entry of default judgments against the Individual Defendants.

**¶6** The superior court granted the defendants' motion to dismiss, holding that "Plaintiff's filings are legally unintelligible and that the pleadings in this matter fail to comply with the provisions of Rule 8(a), 10(b) and generally fail to state a claim upon which relief can be granted." The court deemed moot all other pending motions and requests for relief.

**¶7** The court entered judgment in favor of the defendants and denied Plaintiff's motions for relief and reconsideration. Plaintiff appeals.

## DISCUSSION

**¶8** Plaintiff contends that the superior court erroneously dismissed the FAC because (1) default judgments should have been entered against the defendants, and (2) the FAC was comprehensible and stated a claim for relief. We address each of Plaintiff's contentions in turn.

I.     THE SUPERIOR COURT DID NOT ERR BY DECLINING TO ENTER DEFAULT JUDGMENTS AGAINST THE DEFENDANTS.

**¶9** The premise of Plaintiff's contention that default judgments should have been entered against the Corporate Defendants is that those defendants were in default before they removed the action to federal court. They were not. Plaintiff was not legally able to serve his own summonses and complaint. Under Ariz. R. Civ. P. 4(d), a party may make service of process only in certain situations, none of which are present here.[1] The defendants accepted service under Ariz. R. Civ. P. 4(f) on

---

[1]     "The only situations where such authority is currently granted is where service is made by mail on an out-of-state defendant pursuant to Rule 4.2(c), or where service is made by publication under Rules 4.1(*l*), 4.1(m), and 4.2(f) or 4.2(g)." 2B Daniel J. McAuliffe & Shirley J. McAuliffe, *Arizona Practice Civil Rules Handbook* R 4 cmt. 9 (Apr. 2016 update).

September 29, within 20 days of Plaintiff's ineffective service attempt. *See also* Ariz. R. Civ. P. 4.1(c)(2), 4.2(d)(2) (parties subject to service have "a duty to avoid unnecessary costs of serving the summons").

¶10 Plaintiff's contention that the CSC representative who received the summons and FAC would perform service on the Corporate Defendants is not supported by the record. Nor is his contention that the Corporate Defendants and the Individual Defendants wrongfully removed the action to federal court to obtain an extension of time. We also reject Plaintiff's contention that the Corporate Defendants should have moved to dismiss for insufficiency of service of process -- no authority required them to do so. Finally, we reject Plaintiff's contentions that the district court erroneously granted the defendants an extension of time in which to file their answer, and that the district court's order was "later voided . . . for lack of jurisdiction." We will not substitute our judgment for that of the district court in the management of its docket in a matter over which it then had jurisdiction. *See Findlay v. Lewis*, 172 Ariz. 343, 346 (1992); *see also* Fed. R. Civ. P. 6(b) (granting trial court discretion to enlarge deadline).

¶11 We finally note that even if the defendants were subject to default judgment, no such judgment could have been entered in the absence of Plaintiff's application to the clerk of the court for an entry of default under Ariz. R. Civ. P. 55(a). *See generally* Ariz. R. Civ. P. 55; *see also Estate of Lewis v. Lewis*, 229 Ariz. 316, 326, ¶ 28 (App. 2012).

II. PLAINTIFF HAS WAIVED HIS SUBSTANTIVE CHALLENGE TO THE ORDER OF DISMISSAL FOR FAILURE TO STATE A CLAIM.

¶12 Plaintiff contends that the FAC was comprehensible and stated a claim. He does not, however, support his argument with appropriate legal citations or citations to the record.[2] An opening brief "must present significant arguments, supported by authority, setting forth the appellant's position on the issues raised." *MacMillan v. Schwartz*, 226

---

[2] In his reply brief, Plaintiff points to two rulings by judges in other actions, arguing that those actions were allowed to proceed based on the same allegations as those underlying the FAC. As an initial matter, we will not consider an argument made for the first time in a reply brief. *Dawson v. Withycombe*, 216 Ariz. 84, 111, ¶ 91 (App. 2007). Moreover, Plaintiff's argument is unpersuasive. The separate actions are not before us.

Ariz. 584, 591, ¶ 33 (App. 2011). "Merely mentioning an argument in an appellate opening brief is insufficient." *Id.* Issues not clearly raised and argued on appeal are waived. *Jones v. Burk*, 164 Ariz. 595, 597 (App. 1990).

## CONCLUSION

**¶13** We affirm for the reasons set forth above. The defendants are entitled to recover their costs on appeal upon compliance with ARCAP 21. Further, upon compliance with ARCAP 21, we grant the defendants' request for an award of attorney's fees on appeal under A.R.S. § 12-349(A)(1) and (3). We have considered all relevant factors. *See* A.R.S. § 12-350. The issues that Plaintiff raised were largely unsupported by the law and the record, and he has prevailed on none of his arguments. Plaintiff brought the appeal without substantial justification, and his briefing unreasonably expanded the proceedings.



Ruth A. Willingham · Clerk of the Court
FILED: AA