NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Marriage of:

RUBY K. MCDONALD, *Petitioner/Appellee,*

*v.*

TIM D. MCDONALD, *Respondent/Appellant.*

No. 1 CA-CV 17-0073 FC
FILED 12-14-2017

Appeal from the Superior Court in Mohave County
No. L8015DO201507334
The Honorable Doug R. Camacho, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Ruby K. McDonald, Lake Havasu City
*Petitioner/Appellee*

Tim D. McDonald, Portland, Oregon
*Respondent/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court,
in which Judge Diane M. Johnsen and Judge Maria Elena Cruz joined.

**W I N T H R O P**, Presiding Judge:

¶1          Tim D. McDonald ("Husband") appeals the family court's amended decree of dissolution and denial of Husband's motion for new trial, raising several issues, including challenges to the court's denial of his motion for a continuance and division of community assets.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY[1]

¶2          Husband and Ruby K. McDonald ("Wife") married in 1995 and have one minor child ("the child") in common.  While married, the parties owned a business known alternately as "Oregon Custom Marine, Inc." and "OCM Offshore Custom Marine, LLC," which sold boats and trailers, most on consignment.  Husband operated the business, with Wife assisting part-time.

¶3          Over time, Wife began to suspect that Husband was engaging in fraudulent business activities and misappropriating funds, and in September 2015, Wife filed a petition for legal separation.[2]  In part, Wife alleged Husband had "committed financial misconduct during the marriage and the majority of the personal debt as well as 100% of the business debt should be ordered [Husband's] responsibility to pay."[3]  In response, Husband requested Wife's petition be converted to a petition for dissolution.  Husband then relocated to Oregon, where he had family and

---

[1]     We view the facts and reasonable inferences in the light most favorable to affirming the family court.  *See Mitchell v. Mitchell*, 152 Ariz. 317, 323 (1987); *Thomas v. Thomas*, 142 Ariz. 386, 390 (App. 1984).

[2]     Wife eventually learned the family business owed approximately $2,400,000 to at least thirty-five purchasers or sellers involved in consignment sales conducted by Husband.  Wife also learned Husband had been removing and hiding the parties' marital assets.

[3]     Husband admitted the allegations of this paragraph in his response to the petition.

the parties had previously resided, leaving Wife to deal with numerous creditors and related lawsuits.[4]

¶4        At a March 18, 2016 Resolution Management Conference, counsel for Wife informed the court he was not ready for trial and had been in communication with Husband's counsel regarding an outstanding discovery request.  Husband's counsel conceded additional discovery and disclosure might be needed, but requested a trial setting.  The court then set trial for August 3, 2016.

¶5        On May 4, 2016, the parties entered a Parenting Plan Agreement.  The parties agreed to joint legal decision-making authority of the child, with the child residing primarily with Mother.  The parties further agreed the child would spend specified holidays with Father, and Father would pay to fly the child to and from Oregon.

¶6        On July 14, 2016, Husband's counsel moved to continue the scheduled trial for forty-five days, "as the parties ha[d] not completed their discovery disclosures."[5]  Although Wife's counsel objected, the family court granted the motion, and later reset trial for November 9, 2016.

¶7        Meanwhile, Wife's counsel died in late July 2017.  Wife sought to represent herself, and in mid-August, the court granted her request.

¶8        On October 3, 2016, Husband's counsel moved to withdraw, "based upon the fact that [Husband] has failed to comply with the terms of the contract for legal services."  Husband did not object, and in open court on October 24, 2016, the family court granted the motion to withdraw. The court filed a signed order to that effect the next day.

¶9        On October 31, 2016, Husband filed a motion to continue the trial, stating he needed time to hire new counsel and "had been asking for months that previous council [sic] help with getting documents that are critical in this case."  Husband did not explain what documents he had not obtained or their significance.  Wife objected, and the court set the matter

---

[4]        According to Wife, pending the divorce, Husband transferred most of the community assets to Oregon and other states, without Wife's knowledge or consent, ostensibly to hide, conceal, and/or fraudulently transfer them.

[5]        According to Wife, Husband "never produced one Disclosure Statement" before trial.

for a telephonic hearing on November 4, 2016. At the November 4 hearing, Husband requested a 120-day extension to obtain new counsel and to complete discovery. The court denied Husband's motion to continue and affirmed the November 9 trial date.

¶10 Husband did not appear for the November 9 trial, and the family court proceeded in his absence, finding him in default and finding no justification for his non-appearance.[6] After hearing Wife testify and reviewing the evidence, the court adopted the parties' May 4 parenting plan, divided the parties' assets, and ordered Husband to pay $2,500 per month in spousal maintenance and $525 per month in child support. The court also ordered "that all the items that have not been sold, currently in possession of [Husband] or some other person on behalf of [Husband], shall be turned over to [Wife]," and if those items were not turned over by December 31, 2016, the court would enter a judgment in the amount listed on one of Wife's trial exhibits for the missing items. The court further found that Husband had committed "waste and misuse of community property, fraudulent transfers and other actions," such that all tax and community debts should be allocated to Husband.[7] Finally, the court ordered that Husband pay Wife's attorneys' fees in the amount of $4,425.50.

¶11 On November 21, 2016, Husband filed a motion for new trial. On December 20, 2016, the family court filed a decree of dissolution of the parties' marriage, affirming its November 9 orders and otherwise denying any affirmative relief sought by the parties. On December 23, 2016, the family court denied Husband's motion for new trial.

¶12 Wife moved to amend the judgment and petitioned for a finding of contempt against Husband, alleging in part that Husband had refused to turn over community assets as ordered; had hidden, sold, or fraudulently transferred those assets (including by altering one or more vehicle titles) to prevent Wife from locating them; and had refused to pay any bills, attorneys' fees, taxes, spousal maintenance, and child support as ordered. Wife stated she had hired an Oregon attorney to domesticate the

---

[6]     The court noted that although Husband was aware of the trial, he had previously "made statements that he would not be appearing today and has not requested to appear telephonically."

[7]     The court also noted, however, that its orders regarding allocation of debts between the parties may not affect any lawsuits that creditors may have against the parties.

divorce decree in Oregon and a private investigator to locate and recover the hidden assets.

¶13 On April 17, 2017, the family court held an evidentiary hearing on Wife's motion to amend, and Husband appeared telephonically. On April 24, the family court ordered Husband to pay all spousal maintenance and child support through the Clearinghouse, and after finding Husband had committed misconduct, amended the judgment in part, ultimately entering judgment in favor of Wife and against Husband in the amount of $62,000.

¶14 We have jurisdiction over Husband's timely appeal pursuant to Arizona Revised Statutes section 12-2101(A)(1), (2), (5)(a) (2016).

## ANALYSIS

### I. Standard of Review

¶15 We will affirm if substantial evidence supports the family court's decision, *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009), and will not substitute our opinion for that of the family court unless there has been a clear abuse of discretion, *Deatherage v. Deatherage*, 140 Ariz. 317, 319 (App. 1984). Further, we will not set aside findings of fact unless they are clearly erroneous, and we defer to the family court's credibility determinations. Ariz. R. Fam. Law P. 82(A). We also will not reweigh conflicting evidence. *Hurd*, 223 Ariz. at 52, ¶ 16.

### II. The Merits

#### A. Conducting the November 9 Trial in Husband's Absence

¶16 Husband argues the family court abused its discretion and denied him a fair trial by granting his counsel's motion to withdraw before trial, denying his motion to continue the trial, and conducting the November 9, 2016 trial in his absence. We disagree.

¶17 The family court has great discretion over the control and management of the trial. *See Hales v. Pittman*, 118 Ariz. 305, 313 (1978). "We will not interfere in matters within the [family] court's discretion unless we are persuaded that the exercise of such discretion resulted in a miscarriage of justice or deprived one of the litigants of a fair trial." *Christy A. v. Ariz. Dep't of Econ. Sec.*, 217 Ariz. 299, 308, ¶ 31 (App. 2007) (citation omitted).

¶18     "When an action has been set for trial, hearing or conference on a specified date by order of the court, no continuance of the trial, hearing or conference shall be granted except upon written motion setting forth sufficient grounds and good cause, or as otherwise ordered by the court." Ariz. R. Fam. Law P. 77(C)(1).  We will not disturb a ruling on a motion for continuance absent an abuse of discretion.  *Dykeman v. Ashton*, 8 Ariz. App. 327, 330 (1968).  To the extent the family court based its rulings on Husband's credibility, we defer to its judgment.  *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 347-48, ¶ 13 (App. 1998).

¶19     The record reflects that before Husband moved to continue the November 9 trial, the family court had already once continued the trial at Husband's request and over the objection of Wife.  Then, on October 3, 2016—thirty-seven days before the new trial date—Husband's counsel moved to withdraw, stating that Husband had failed to comply with terms of his contract for legal services.  Husband did not object to the motion to withdraw, dispute its basis, or immediately request a continuance to enable him to retain a new attorney.  Three weeks later—on October 24—the family court granted Husband's counsel's motion to withdraw.

¶20     After waiting another week, Husband filed his second motion to continue on October 31—nine days before trial.  The next day, the family court scheduled a hearing on the issue, and both parties appeared by telephone on November 4, 2016.  At that hearing, Husband argued he needed more time to obtain new counsel.[8]  The court denied Husband's request, and Husband informed the court he would not appear at the trial.

¶21     On the limited record before us, we have no reason to conclude the family court abused its discretion or denied Husband a fair trial when it granted his counsel's motion to withdraw and denied Husband's motion to continue.  Further, Husband makes no effort to explain what evidence he would have presented, how he was prejudiced, or how the result would have been different had the court continued the

---

[8]     Although the November 4, 2016 telephonic hearing was digitally recorded, Husband did not provide this court with a transcript of that hearing.  Husband bore the burden of ensuring the record on appeal contained all transcripts or other documents necessary for us to consider the issues raised, *see* ARCAP 11(b)(2), (c)(1)(A), and because he has failed to provide this court a transcript of the November 4 hearing, we assume the missing transcript would support the court's findings and conclusions, *see Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995).

trial.[9] Additionally, Husband offers no authority, and we are aware of none, for the proposition that a family court abuses its discretion by proceeding with a properly noticed trial when one of the parties deliberately fails to appear and thereafter offers no good cause for his absence. Under the circumstances, the family court likely was concerned that Husband would continue to waste and/or fraudulently transfer community assets if the trial were continued, and therefore it did not abuse its discretion in denying Husband's belated motion to continue and conducting the November 9 trial in Husband's absence. Furthermore, because he fails to specify how the court's alleged error prejudiced him, we find no basis for reversal. *See Ace Auto. Prods., Inc. v. Van Duyne*, 156 Ariz. 140, 143 (App. 1987) (declining to develop an argument for a party).[10]

### B. Alleged Conflict of Interest

**¶22** Without citing any factual support, Husband argues the family court had a conflict of interest (and ostensibly was biased) because Wife "has built strong relationships and even lived with some of the court staff, such as the [Mohave County] court clerk."

**¶23** Wife disputes Husband's assertion, stating "[t]he only reason [she] has any relationship at all with anyone working at the Clerk's office is because [Husband] has ignored all of the lawsuits filed against the parties, while [Wife] has struggled, without representation to defend herself in all three Mohave County Courts." She further denies residing at any time with anyone who works for the Mohave County Superior Court.

**¶24** We have carefully reviewed the record in search of support for Husband's argument, and have found none. Moreover, Husband fails to cite any supporting evidence in the record for his argument. Accordingly, we decline to further address Husband's argument. *See*

---

[9] Wife asserts Husband "did not produce any disclosure or discovery in any way in this proceeding," and argues that, even with a continuance, the family court likely would have precluded Husband from presenting documents or other witnesses. Husband does not dispute Wife's factual assertion.

[10] We also reject Husband's assertion that he could not afford to fly to Arizona to personally attend the trial. Husband's assertion is inconsistent with his claim that he has paid for all travel for the parties' child between Arizona and Oregon. Moreover, he did not request to appear telephonically.

*generally* ARCAP 13(a)(7)(A) (providing that an argument must contain citations "to the portions of the record on which the appellant relies"); *Prairie State Bank v. IRS*, 155 Ariz. 219, 221 n.1A (App. 1987) (declining to consider assertions unsupported by record evidence).

### C.   Division of the Parties' Assets

**¶25**      Husband also contests the family court's allocation of property, asserting without specification that the court unfairly divided the parties' assets.

**¶26**      We review for an abuse of discretion the family court's apportionment of community property. *Valento v. Valento*, 225 Ariz. 477, 481, ¶ 11 (App. 2010). In determining an equitable division of property, the family court retains broad discretion in allocating assets and liabilities, and may consider a party's excessive or abnormal expenditures; the destruction, concealment, or fraudulent disposition of property; and other factors that bear on the equities of a particular case. *Flower v. Flower*, 223 Ariz. 531, 535, ¶ 14 (App. 2010) (citations omitted). "[A] substantially equal division is not required if a sound reason exists to divide the property otherwise." *Id.* at 536, ¶ 18 (citations omitted). Because neither party requested findings of fact and conclusions of law under Rule 82(A) of the Arizona Rules of Family Law Procedure, we presume the family court found every fact necessary to support its judgment. *See Neal v. Neal*, 116 Ariz. 590, 592 (1977) (construing analogous Rule 52(a) of the Arizona Rules of Civil Procedure (citations omitted)).

**¶27**      Husband provides no argument supporting his assertion that the court unfairly divided the parties' assets,[11] and, because he has given us no transcript of the trial, we have no basis on which to evaluate his assertion.[12] As the appellant, Husband had the burden to provide this court

---

[11]      *See AMERCO v. Shoen*, 184 Ariz. 150, 154 n.4 (App. 1995) (recognizing that a party who fails to present argument or authority to support a claim of error has waived the claim (citation omitted)).

[12]      Although the November 9, 2016 trial was digitally recorded, Husband has not provided this court a full transcript of that trial; instead, the record contains only a partial transcript covering approximately two minutes of the trial, which lasted more than two hours. Moreover, the partial transcript does not support Husband's argument. The record does, however, contain a transcript of the April 17, 2017 evidentiary hearing on

with a trial transcript necessary to the resolution of this appeal. *See* ARCAP 11(b)(2), (c)(1)(A). Because Husband has failed to do so, we assume the record supports the family court's findings and conclusions. *See Baker*, 183 Ariz. at 73. We also assume the family court considered all relevant factors.[13] *See Aguirre v. Robert Forrest, P.A.*, 186 Ariz. 393, 397 (App. 1996). Given those assumptions, we find no abuse of the family court's discretion in distributing the marital assets and debts.

### D. *Wife's Alleged False Statements*

**¶28** Husband also asserts Wife introduced "false evidence" into the case, including providing false sworn statements regarding the parties' assets. Husband does not further elaborate on the basis for his assertion, which Wife disputes, and we decline to further consider Husband's assertion, which is unsupported by record evidence. *See Prairie State Bank*, 155 Ariz. at 221 n.1A.

### E. *New Issues in the Reply Brief*

**¶29** Husband also raises several issues in his reply brief that he did not raise in his opening brief. Issues not clearly raised and argued in the opening brief are waived. *See State v. Lopez*, 223 Ariz. 238, 240, ¶ 6 (App. 2009); *Jones v. Burk*, 164 Ariz. 595, 597 (App. 1990). Accordingly, we decline to address any new issues raised by Husband in the reply brief.

---

Wife's motion to amend the judgment, which was also digitally recorded. That transcript also does not support Husband's argument.

[13] Before trial, Wife filed a list of witnesses and an exhibit list with ninety-five exhibit items. At trial, the court admitted ninety-seven exhibits into evidence. Wife asserts the court questioned her extensively and reviewed the documentation she submitted concerning the value of the parties' assets and the parties' debts. Wife also asserts she requested less than fifty percent of the parties' assets. The limited record before us appears to support Wife's assertions.

**CONCLUSION**

¶30  We affirm the family court's rulings in all respects. Wife is entitled to her taxable costs on appeal upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA