NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

KATHLEEN SHAFER, *Plaintiff/Appellant*,

*v.*

JAY MCCOMBS, D.O., et al., *Defendants/Appellees*.

No. 1 CA-CV 17-0467
FILED 4-12-2018

Appeal from the Superior Court in Maricopa County
No. CV2014-002127
The Honorable Christopher T. Whitten, Judge

**AFFIRMED**

COUNSEL

Law Office of Donald Smith, PLLC, Glendale
By Donald H. Smith
*Counsel for Plaintiff/Appellant*

Jardine, Baker, Hickman & Houston, P.L.L.C., Phoenix
By Neil C. Alden, Curtis M. Bergen
*Counsel for Defendants/Appellees*

---

**MEMORANDUM DECISION**

Presiding Judge Lawrence F. Winthrop delivered the decision of the Court, in which Judge Jennifer B. Campbell and Judge Paul J. McMurdie joined.

---

**W I N T H R O P**, Presiding Judge:

¶1          Kathleen Shafer appeals the superior court's summary judgment in favor of Jay McCombs, D.O. and Abraham Lopez, P.A. (collectively, "Defendants").  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          On August 29, 2012, Shafer was shopping at a Walgreen's store when a glass jar fell and sliced open the great toe on her left foot.  She was taken to an emergency room, where she received treatment from Lopez, a physician's assistant, who took an x-ray, irrigated the wound, and sutured the injury, both internally and externally.

¶3          In early September 2012, Shafer received follow-up care from a primary care physician, Adam S. Nally, D.O., who removed the external toe and skin sutures and ordered an MRI of the toe, which appeared "normal."  On September 21, Shafer returned to Dr. Nally, complaining of left foot pain with swelling and loss of range of motion dating to August 29.  Dr. Nally recommended a podiatry evaluation.

¶4          On September 26, 2012, Shafer, complaining of pain, weakness, a lump in the toe, and an inability to move the toe properly, saw a podiatrist, Tharesh Udupa, D.P.M.  Dr. Udupa recommended that, "due to suture reaction and scar tissue buildup," Shafer have surgery to remove the scar tissue and check for tendon damage.

¶5          On October 17, 2012, Dr. Udupa performed surgery on Shafer, removing the internal sutures.  Dr. Udupa found an internal suture had been placed through the extensor tendon sheath and the tendon itself, and he removed the suture.  At Shafer's first post-operative visit on October 19, Dr. Udupa informed her that one of the internal sutures had sutured a tendon.

2

¶6　　　　Shafer continued to experience pain and weakness, and Dr. Udupa referred her to The Pain Center of Arizona, where she first saw Albert L. Klaski, M.D. on January 8, 2013.　In his notes, Dr. Klaski documented the information he received from Shafer, including that "[h]er issue is secondary to a glass item falling on her foot causing laceration. Patient *went to the emergency department where they did deep sutures which restricted the tendon and caused injury.*　Patient had surgery via podiatry which cleaned the scar tissue and tried tendon release but unfortunately she still remains weak strength[-]wise as well."　(Emphasis added.)

¶7　　　　In June 2014, Shafer filed a civil complaint against various Walgreen entities, alleging negligence.[1]　In March 2015, Walgreen filed a notice naming various persons and entities, including Dr. Udupa, Dr. McCombs, and Lopez as non-parties at fault.[2]　In May 2015, Walgreen provided an expert preliminary affidavit, stating there was no medical justification for placing a suture through the tendon in Shafer's great toe and that doing so fell below the standard of care; and that the negligently-placed suture restricted and bound her tendon, causing the pain and decreased range of motion for which she was treated by Dr. Udupa.

¶8　　　　Several months later, Shafer moved to amend her complaint to add Dr. Udupa, Dr. McCombs, and Lopez.　The superior court granted the motion, and on December 2, 2015, Shafer filed her First Amended Complaint, naming Dr. Udupa,[3] Dr. McCombs, and Lopez as defendants in addition to Walgreen.[4]　The complaint alleged Dr. McCombs and Lopez had

---

[1]　　In October 2014, Walgreen Arizona Drug Co. ("Walgreen") filed its answer, and in December 2014, the parties stipulated to amend the caption and identify Walgreen as the only defendant.

[2]　　Walgreen alleged that Dr. McCombs and/or Lopez had negligently placed the sutures in Shafer's great left toe.

[3]　　Dr. Udupa was later dismissed by stipulation.

[4]　　In December 2016, the superior court granted Walgreen's motion for summary judgment, and in March 2017, the court issued a final judgment in favor of Walgreen pursuant to Arizona Rule of Civil Procedure ("Rule") 54(b).　Shafer filed a notice of appeal, and that appeal is pending before this court.　*See Shafer v. Walgreen*, 1 CA-CV 17-0243.

each provided care and treatment to Shafer on August 29, 2012.[5] The complaint did not allege any facts to support tolling the statute of limitations, and Defendants raised the statute of limitations defense in their answer to Shafer's amended complaint.

¶9 Defendants later moved for summary judgment based on the two-year statute of limitations for negligence cases in Arizona, *see* Ariz. Rev. Stat. ("A.R.S.") § 12-542(1) (2016), arguing the amended complaint against them was filed more than three years after any alleged malpractice and almost three years after Shafer knew the "what" and "who" that allegedly caused her injury and was therefore on notice to investigate. After responsive briefing, the superior court held oral argument on the motion.

¶10 After oral argument, the superior court took the matter under advisement, and later granted Defendants' motion for summary judgment. The court rejected Shafer's relation back argument,[6] then held the statute of limitations barred Shafer's claim, explaining in part as follows:

> It is uncontested that on January 8, 2013, however, Plaintiff visited The Pain Center of Arizona to "discuss her continued left foot problem" and reported to Dr. Klaski that she "went to the emergency department where they did deep sutures which restricted the tendon and caused injury." This statement, in a record submitted by Plaintiff, is a statement made for the purpose of medical diagnosis and treatment, falling within the Rule 803(4) exception to hearsay.[7] Nothing in the record contradicts this or attempts to clarify or explain that Plaintiff did not make this statement or meant something else when she made it.
>
> When Plaintiff explained to her health care provider on January 8, 2013 that the suture done at the emergency department "restricted the tendon and caused injury," she

---

[5] Defendants assert Dr. McCombs was not involved in Shafer's care.

[6] Shafer does not renew that argument on appeal and thus has waived it. *See Jones v. Burk*, 164 Ariz. 595, 597 (App. 1990).

[7] Shafer did not object to the admissibility of the medical record and has not argued on appeal that the court's conclusion about its admissibility was wrong; accordingly, she has waived any objection to its admission. *See Dillig v. Fisher*, 142 Ariz. 47, 51 (App. 1984); *Jones*, 164 Ariz. at 597.

4

admitted that she actually had notice of the "what" and connected "who" of her present medical malpractice claim, triggering her duty to investigate and the accrual of the statute of limitations[.]

The Court cannot help finding that there is no genuine issue of fact that Plaintiff waited more than two years between knowing enough about the present medical malpractice claim to trigger her duty to investigate it and the filing of her claim against these two doctors.

¶11        In June 2017, the superior court issued a signed final judgment pursuant to Rule 54(c), dismissing with prejudice Shafer's cause of action against Defendants. We have jurisdiction over Shafer's timely appeal pursuant to A.R.S. § 12-2101(A)(1) (2016).

## ANALYSIS

¶12        Shafer argues the superior court erred in granting summary judgment in favor of Defendants.

¶13        "In reviewing the grant of a motion for summary judgment, we construe the facts and reasonable inferences in the light most favorable to the opposing party and will affirm only if no genuine issues of material fact exist and the moving party is entitled to judgment as a matter of law." *Drew v. Prescott Unified Sch. Dist.*, 233 Ariz. 522, 524, ¶ 8 (App. 2013) (citing *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons Local No. 395 Pension Trust Fund*, 201 Ariz. 474, 482, ¶¶ 13-14 (2002); *Orme Sch. v. Reeves*, 166 Ariz. 301, 309 (1990)). "We review *de novo* issues of statutory interpretation and the court's application of the law." *Id.* (citing *Dressler v. Morrison*, 212 Ariz. 279, 281, ¶ 11 (2006); *State Comp. Fund v. Yellow Cab Co.*, 197 Ariz. 120, 122, ¶ 5 (App. 1999)).

¶14        In Arizona, a two-year statute of limitations applies to negligence cases, including causes of action for medical malpractice. *See* A.R.S. § 12-542(1). A cause of action accrues and the statute of limitations begins to run at the time a plaintiff knew or by the exercise of reasonable diligence should have known of a defendant's injurious conduct. *Wyckoff v. Mogollon Health Alliance*, 232 Ariz. 588, 591, ¶ 9 (App. 2013) (citations omitted). Although a plaintiff need not know *all* the facts to trigger accrual, he or she "must at least possess a minimum requisite of *knowledge sufficient to identify that a wrong occurred and caused injury.*" *Walk v. Ring*, 202 Ariz. 310, 316, ¶ 22 (2002) (quoting *Doe v. Roe*, 191 Ariz. 313, 323, ¶ 32 (1998) (emphasis added) (citations omitted)). For a claim to accrue, a plaintiff

must have "reason to connect the 'what' to a particular 'who' in such a way that a reasonable person would be on notice to investigate whether the injury might result from fault." *Id.* (citing *Doe*). A plaintiff is not required to know the full extent of an injury before the statutory period begins to run. *See Sato v. Van Denburgh*, 123 Ariz. 225, 227 (1979).

¶15 The "discovery rule" delays the accrual of a claim when "[t]he injury or the act causing the injury, or both, have been difficult for the plaintiff to detect." *Doe*, 191 Ariz. at 330, ¶ 54 (quoting *Gust, Rosenfeld & Henderson v. Prudential Ins. Co. of Am.*, 182 Ariz. 586, 589 (1995) (citation omitted)). The discovery rule, however, does not allow a plaintiff to hide behind his or her ignorance when reasonable investigation would have alerted the plaintiff to the claim; instead, the plaintiff must affirmatively and timely investigate if any basis exists for legal action. *Elm Ret. Ctr., LP v. Callaway*, 226 Ariz. 287, 290, ¶ 12 (App. 2010) (citing *Doe*, 191 Ariz. at 324, ¶ 37).

¶16 Moreover, if a plaintiff claims the discovery rule applies to delay the accrual of a claim, the plaintiff bears the burden of establishing the discovery rule should apply. *Wyckoff*, 232 Ariz. at 591, ¶ 9; *Ulibarri v. Gerstenberger*, 178 Ariz. 151, 155 (App. 1993). That is, if the defendant comes forward with a *prima facie* case for summary judgment, the plaintiff must show that available, competent evidence justifies a jury trial regarding the discovery rule. *Ulibarri*, 178 Ariz. at 155. "A party cannot rely solely on unsupported contentions that a dispute exists to create a factual issue that would defeat summary judgment." *State v. Mecham*, 173 Ariz. 474, 478 (App. 1992) (citing *Brown Wholesale Elec. Co. v. Safeco Ins. Co. of Am.*, 135 Ariz. 154, 158 (App. 1982)).

¶17 In this case, Shafer filed her amended complaint against Defendants on December 2, 2015. Accordingly, the two-year statute of limitations barred her claim if it accrued before December 2, 2013. The superior court found Shafer's claim accrued no later than January 8, 2013, and we agree. The uncontested record shows Shafer knew the "what" and connected "who" of her injury with sufficient certainty to trigger her duty to investigate her claim against Defendants no later than January 8, 2013 — almost three years before she filed her amended complaint.

¶18 Shafer's injury and the alleged malpractice occurred on August 29, 2012. After her external sutures were removed, she continued to experience pain, swelling, and a loss of range of motion, and she underwent surgery. During that surgery, Dr. Udupa found an internal suture had been placed through the tendon and tendon sheath of the toe,

and he told Shafer about the placement of the internal suture at the first post-operative visit on October 19, 2012. Consequently, as of that date, Shafer knew a suture had been placed into a tendon on her toe at the emergency room, and knew she thereafter had pain and motion problems in the same toe. Nevertheless, we agree with the superior court that the record is not clear, as of October 19, 2012, whether Shafer had yet connected the placement of the suture with her pain and mobility issues.

**¶19** On January 8, 2013, however, Shafer reported in her initial visit to Dr. Klaski that she had continued left foot pain, her issue was secondary to the laceration, and she "went to the emergency department where they did deep sutures which restricted the tendon and caused injury." When Shafer provided this information, she indicated she had notice of the "what" and connected "who" of her claim against Defendants, triggering a duty to investigate and accrual of the statute of limitations. *See Walk*, 202 Ariz. at 316, 318, ¶¶ 22, 30. Before, during, and immediately after oral argument on the motion for summary judgment, Shafer did not provide anything—such as an affidavit or deposition testimony from her or Dr. Klaski—to contradict this *prima facie* evidence, and she did not directly disavow these statements, clarify them, or explain that she meant something else when she made them.[8] Without *some* evidence to contradict Defendants' evidence, no genuine issue of fact exists from which a jury could determine that Shafer's claim did not accrue by January 8, 2013, and that her failure to go forward and investigate was reasonably justified. *See Walk*, 202 Ariz. at 316, ¶¶ 22-23. The uncontroverted record indicates Shafer possessed a minimum requisite of knowledge sufficient to identify that a wrong occurred and caused her injury no later than January 8, 2013. *See id.* at ¶ 22. Accordingly, her cause of action accrued no later than that date, and because she did not file her amended complaint until almost three

---

[8] At the April 14, 2017 oral argument on the motion for summary judgment, Shafer's counsel argued "you don't know if that came out of [Shafer's] mouth," and asked the superior court for the opportunity to file a supplemental brief and "an affidavit from her what she meant by that." The court responded affirmatively, and argument concluded that morning. The court took the matter under advisement, and its minute entry granting the motion was filed April 17, 2017. Nothing in the record indicates Shafer ever filed or attempted to file a controverting affidavit or other controverting evidence, and she does not argue on appeal that the court abused its discretion in ruling before she could do so. Accordingly, she has waived any argument as to that issue. *See Jones*, 164 Ariz. at 597.

years after her cause of action accrued, the superior court correctly held her complaint was barred by the statute of limitations.

## CONCLUSION

**¶20** For the foregoing reasons, we affirm the superior court's summary judgment in favor of Defendants. We award taxable costs to Defendants upon compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA