NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

RUXANDRA LEMAY, *Petitioner/Appellee,*

*v.*

ANDREW LEMAY, *Respondent/Appellant.*

No. 1 CA-CV 20-0425 FC
FILED 9-21-2021

Appeal from the Superior Court in Maricopa County
No.  FC2019-070731
The Honorable Lori H. Bustamante, Judge
The Honorable Lisa A. VandenBerg, Judge

**AFFIRMED**

APPEARANCES

Andrew LeMay, Litchfield Park
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Judge Maurice Portley[1] delivered the decision of the Court, in which Presiding Judge Jennifer B. Campbell and Judge Samuel A. Thumma joined.

---

**P O R T L E Y**, Judge:

¶1        Andrew LeMay ("Father") appeals the family court's decree of dissolution and post-decree orders denying his motions to set aside the decree. He alleges Judge Lori H. Bustamante had a conflict of interest and, because she did not *sua sponte* recuse herself, the decree should be declared void. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2        Father and Ruxandra LeMay ("Mother") got married in 2003 and have three children. Mother works full-time as a corporate controller for an automotive company, works two days a week as a self-employed psychologist, and has authored at least two books. By 2006, Father left his employment to help raise the couple's children, while Mother continued to work and obtained a doctorate degree. Father also spends time vlogging (posting short videos to) a "Kids YouTube Channel."

¶3        In February 2016, the parties signed a post-marital agreement. The written agreement required Father to refrain from certain activities absent Mother's approval and, in exchange, Mother "agree[d] to not divorce [Father] for 10 (ten) years," adding that "[s]hould [Mother] attempt to dissolve, annul, or other form of divorce [Father], [Mother] relinquishes custody of children to [Father] and agrees to pay for child support and alimony." Although the parties later amended the agreement, the nature of the amendments are unclear from the record.

¶4        In June 2019, the parties' eight-year-old middle child, who has ADHD, had a temper tantrum while riding in the car with his siblings and Father. The child threw a shoe at Father, who pulled over and left the child on the side of the road, then proceeded to drop the eldest child off at a pool

---

[1]       The Honorable Maurice Portley, Retired Judge of the Court of Appeals, Division One, has been authorized to sit in this matter pursuant to Article 6, Section 3, of the Arizona Constitution.

party. The middle child screamed, cried, and hid in nearby bushes until Father returned about ten minutes later.

¶5            Father was charged criminally in municipal court as a result of the incident. In November 2019, Father pled guilty to disorderly conduct (unreasonable noise), a class one misdemeanor, and was fined $250 and ordered to complete an eight-hour parenting skills program. The Avondale "City Prosecutor" listed on the plea agreement form was "Alan Kuffner/Manny Bustamante," with Alan Kuffner signing the agreement. Later, on behalf of the City of Avondale, Kuffner moved to dismiss the criminal charges against Father after Father signed a general release of all claims against the City and others. Father's criminal case was dismissed without prejudice on December 11, 2019.

¶6            Meanwhile, Mother moved out of the family home to an apartment in Goodyear in August 2019. Father remained in the home, while Mother continued to pay the mortgage, the children's expenses, and other bills.

¶7            In November 2019, Mother filed her petition to dissolve their marriage. After filing a self-represented response to the petition, Father later hired an attorney, who represented him through conclusion of the dissolution trial. Both parties sought sole legal decision-making authority, primary care of the children, and child support.

¶8            In June 2020, the parties appeared before Judge Bustamante for the divorce trial. The parties reached an agreement on several property issues, and Mother agreed to continue paying the $1,184 monthly mortgage on the parties' home through June 2022, while Father continues to live in the home. The parties agreed that, after June 2022, the home would be sold.

¶9            Later in June 2020, the court issued a decree of dissolution. Noting the June 2019 incident, for purposes of the decree, the court found Father had "not engaged in acts of domestic violence against the [middle] child." The court awarded the parties equal parenting time and joint legal decision-making authority, with Mother having the ability to make final decisions. The court also ordered Mother to pay Father $437 for monthly child support and—in addition to paying the mortgage for two years—pay Father $500 in monthly spousal maintenance for two years. The court equitably divided the parties' remaining assets and ordered Mother to pay the remaining credit card debts.

¶10            On July 6, 2020, before his attorney withdrew, Father filed a self-represented motion to vacate the decree and for new trial based on an

alleged conflict of interest. Father had been aware Judge Bustamante had the same surname as Manny Bustamante—whose law firm, Bustamante & Kuffner PC, represented the City of Avondale in negotiating Father's plea deal. Accordingly, after the dissolution decree was issued, Father made inquiry and confirmed that Judge Bustamante is married to Manny Bustamante. Father's motion to vacate did not state, and the record does not show, that Father had ever advised his counsel or Judge Bustamante of any alleged potential conflict of interest or actual conflict. Moreover, he never moved for a change of judge nor showed that he had been prejudiced in any way by any alleged conflict.

**¶11**        At the end of June 2020, Judge Bustamante moved to a different assignment, and this case was assigned to Judge Lisa A. VandenBerg. Judge VandenBerg denied Father's motion, explaining in part that Father did not cite, and the court was unaware of, any legal theory supporting his motion, adding that Father was required to provide supporting authority, concluding it "is unclear upon what legal theory" Father was relying.

**¶12**        Father then filed a "Motion to Rule on Motion to Vacate Due to Conflict of Interest," which the court denied as moot based on its prior ruling. In a later minute entry, the court explained that the motion also did "not provide specific facts or events to demonstrate that Judge Bustamante had a conflict of interest in the case that was before [her]." In January and February 2021, Father filed identical "Motion[s] to Consider Newly Discovered Evidence," which the court denied, again explaining the motions did not provide any facts, evidence, or context to void the decree.

**¶13**        After Mother filed a petition for modification of child support in February 2021, Father filed a "Motion for Continuance Poisonous Tree Doctrine," which again provided no facts, context, or comprehensible argument. The court denied the motion. The court incorporated each post-decree ruling in a February 2021 minute entry.

**¶14**        We have jurisdiction over Father's appeal. *See* Ariz. Rev. Stat. ("A.R.S.") § 12-2101(A)(1), (2), (5)(a); *see also Yee v. Yee*, 251 Ariz. 71, 73, ¶ 1 (App. 2021).

**ANALYSIS**

   *I.*    *Appellate Briefing*

**¶15**        Although this court has discretion to consider Mother's failure to file an answering brief as conceding error, *see* ARCAP 15(a)(2);

*Gonzales v. Gonzales*, 134 Ariz. 437, 437 (App. 1982), we decline to do so, given that the best interests of the children are at issue, *see Hoffman v. Hoffman*, 4 Ariz. App. 83, 84-85 (1966).

**¶16** Moreover, Father's opening brief is not a model of clarity. Among other things, it does not indicate he raised the issue to the court before the dissolution trial and contains assertions outside of the record. *See* ARCAP 13(a). Although we could summarily reject Father's appeal, *see Clemens v. Clark*, 101 Ariz. 413, 414 (1966*); Lederman v. Phelps Dodge Corp.*, 19 Ariz. App. 107, 108 (1973), we will address the merits of the arguments we can identify presented in Father's appeal.

> ## II. *Father's Claim of Judicial Bias or Partiality*

**¶17** Father does not argue that Manny Bustamante played any role in the Avondale case. He does not even suggest that the case had not been resolved before any hearings in the divorce case in the superior court, and in fact, Father's Avondale proceedings had concluded before Judge Bustamante issued her first minute entry, setting a Resolution Management Conference for January 2020. Father only argues that because Manny Bustamante is a partner in the law firm that handled Father's Avondale criminal case, Judge Bustamante had a conflict of interest in Father's divorce proceedings and should have *sua sponte* recused herself. Father further maintains that, because she did not do so, his right to due process was violated, and we should impose civil and criminal sanctions upon the judge, declare the decree void, and order a new trial.

**¶18** As previously noted, there is nothing in the record that suggests that Father ever advised anyone, including Judge Bustamante, at any time before the decree was issued about his concerns that the judge might be related to one of the City of Avondale's prosecutors and that the relationship might somehow impact Father's divorce proceedings. Father did not claim in his motion to vacate, and does not argue on appeal, that he ever advised Judge Bustamante, or her staff, of any alleged potential conflict of interest. Nor does the record reflect that Father provided a notice of change of judge, *see* Ariz. R. Civ. P. 42.1, or filed a motion for change of judge for cause, *see* Ariz. R. Civ. P. 42.2.

**¶19** Moreover, Father has not included a transcript of the dissolution trial. When an appellant fails to include a transcript of the proceedings, we assume the missing portions of the record support the court's findings and ruling. *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995);

*accord Kohler v. Kohler*, 211 Ariz. 106, 108, ¶ 8 n.1 (App. 2005). Applying that rule here, Father has shown no error.

**¶20** Even assuming Father did not waive the issue of judicial bias or partiality, however, nothing in Father's appeal demonstrates Judge Bustamante knew of any potential conflict before trial, that any actual conflict existed, or that Father was prejudiced in any way by an alleged conflict. Father does not argue Judge Bustamante did not fairly consider the evidence presented at trial, and he raises no specific arguments with respect to the decree. Further, in the decree, Judge Bustamante not only found Father had not engaged in acts of domestic violence against the middle child, but she also awarded Father equal parenting time, joint legal decision-making authority, child support, and spousal maintenance. Just because Father may have an undeclared disagreement with the family court's decree does not demonstrate that the court was biased or exhibited partiality.[2]

### III. Father's Due Process Argument

**¶21** Father also does not demonstrate he was denied due process. Father was given notice of the dissolution hearing, appeared with counsel, testified, had at least one of his exhibits received in evidence, and entered a binding Rule 69 agreement with Mother. Accordingly, his due process rights were not violated. Moreover, to the extent his due process argument asks that we reweigh the evidence, we do not do so on appeal, *see Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 16 (App. 2009), and realistically cannot do so without a transcript, *see Romero v. Sw. Ambulance & Rural/Metro Corp.*, 211 Ariz. 200, 203, ¶ 4 (App. 2005) (holding that unsupported arguments without the relevant transcripts are insufficient for this court to meaningfully review a trial court's rulings or overcome the presumption

---

[2] Father argued before the family court that Mother violated the parties' 2016 agreement when she filed for divorce. He does not overtly make that argument in his opening brief, however, and appears to have abandoned it. *See Jones v. Burk*, 164 Ariz. 595, 597 (App. 1990) ("Issues not clearly raised and argued in a party's appellate brief constitute waiver of error on review."). Even if Father continues to rely on this argument as "evidence" that Judge Bustamante was biased against him because she did not award him greater parenting time, child support, or spousal maintenance, the record does not reflect the full parameters of the parties' revised agreement. And as we have previously recognized, we must presume any missing documents and the missing transcript support the court's decree. *See Baker*, 183 Ariz. at 73.

that those rulings are supported by the record). Father has not rebutted the presumption of judicial impartiality, and under the record as presented, he has shown no error in the decree and the family court's resolution of his post-trial motions.

### IV. *Fruit of the Poisonous Tree Doctrine*

**¶22**    Father also argues the family court erred in declining to apply the "fruit of the poisonous tree" doctrine to his case. *See Wong Sun v. United States*, 371 U.S. 471, 488 (1963). As the family court correctly explained, however, that Fourth Amendment doctrine has no application to Father's divorce proceedings.

### V. *Attorneys' Fees and Costs on Appeal*

**¶23**    Father requests attorneys' fees and costs on appeal. Father is self-represented, and he is not the prevailing party. Accordingly, Father's request for attorneys' fees and costs is denied.

## CONCLUSION

**¶24**    We affirm the family court's decree of dissolution and subsequent orders memorialized in the court's February 2021 minute entry.



AMY M. WOOD • Clerk of the Court
FILED:    AA

7